PARKS-BELK COMPANY v. CITY OF CONCORD AND THE BOARD OF LIGHT AND WATER COMMISSIONERS OF THE CITY OF CONCORD.

(Filed 25 June, 1927.)

**Government—Negligence—Cities and Towns—Water System.**

Where a city maintains a water system as a part of its municipal government for the use of its inhabitants, charging them water rates, it is not liable in damages caused by its negligence to one of them in the bursting of a water main and the flooding of a cellar in his store, wherein he kept merchandise, and under the facts in this case: *Held,* as to defendant's actionable negligence, the evidence was insufficient to be submitted to the jury.

APPEAL by plaintiff from *Oglesby, J.,* at January Term, 1927, of CABARRUS. Affirmed.

Action to recover damages for injury to merchandise stored in the basement of plaintiff's building in the city of Concord, caused by water which flowed into said basement from a water main located under and along a street in said city. The water main was constructed and maintained by defendants as part of the municipal waterworks system of the city of Concord, and was used by defendants both for furnishing water for fire protection and sanitary purposes, and for distributing water for industrial, commercial and domestic use. Consumers of water dis-

tributed through said main for the latter purposes are required to pay, and do pay, to defendants the rates charged in accordance with the schedule promulgated by the city of Concord through the board of light and water commissioners of said city.

Plaintiff alleges that an employee of defendants, after having flushed the street, for the purpose of cleansing the same, by use of a hydrant attached to said main, carelessly, negligently and suddenly cut off and stopped the flow of water from said hydrant, thereby causing the water flowing through the main to burst same, and to flow out upon the surface of the street, and thence into the basement of plaintiff's building located on said street.

Plaintiff further alleges that notwithstanding defendants discovered and were notified within a few minutes after the bursting of said main, that water was flowing therefrom into plaintiff's basement, defendants negligently failed and neglected to cut the water off from said main, and thus stop its flow over the surface of the street into said basement.

Defendants deny these allegations, and also deny liability for the act of its employee, upon the ground that said act was done in its behalf in the exercise of its governmental duties.

At the close of plaintiff's evidence, defendants moved for judgment as of nonsuit. The motion was allowed. From judgment dismissing the action plaintiffs appealed to the Supreme Court.

*E. T. Cansler, Palmer & Blackwelder, H. S. Williams and Armfield, Sherrin & Barnhardt for plaintiff.*

*Hartsell & Hartsell, J. L. Crowell and J. L. Crowell, Jr., for defendants.*

CONNOR, J. In *Price v. Trustees,* 172 N. C., 84, it is said: "It is the general rule in this jurisdiction that a municipal corporation when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs of their employees and agents, unless made so by statute. *Snider v. High Point,* 168 N. C., 608; *Harrington v. Greenville,* 159 N. C., 632; *McIlhenny v. Wilmington,* 127 N. C., 146; *Moffit v. Asheville,* 103 N. C., 237; *White v. Comrs.,* 90 N. C., 437.

A limitation upon the general rule is recognized and established in several of the more recent decisions on the subject when the injury complained of amounts to a taking of private property of the citizen, within the meaning of the term 'taking' as understood and defined in administering the rights of eminent domain. See *Donnell v. Greensboro,* 164 N. C., 330; *Hines v. Rocky Mount,* 162 N. C., 409; *Little v. Lenoir,* 151 N. C., 415.

Again it is held that the general rule, as first stated, does, not obtain where the corporation, though partaking to some extent of the nature of a municipal agency and exercising such powers, is, in its primary and controlling purpose, a private enterprise, undertaken and organized for purposes of private gain. *Leary v. Comrs.,* 172 N. C., 25; *So. Assembly v. Palmer,* 166 N. C., 75; *Comrs. v. Webb,* 160 N. C., 594."

In *Scales v. Winston-Salem,* 189 N. C., 469, it is said, in the opinion written by *Adams, J.:* "The nonliability of a municipal corporation for injury caused by negligence in the exercise of its governmental functions may be illustrated by cases in which it is held that a city is not liable for a policeman's assault with excessive force, or for the suspension of a town ordinance indirectly resulting in damage to property, or for injury to an employee while in the service of the fire department, or for failure to pass ordinances for the public good, or for the negligent burning of trash and garbage, or for personal injury caused by the negligent operation of a truck by an employee in the service of the sanitary department of a city." See cases cited in the opinion.

Upon all the facts which the evidence tends to establish, the act of defendant's employee which plaintiff alleges was negligence, was done by him in behalf of defendants, in the exercise of governmental power conferred, and in the performance of governmental duties, imposed upon defendants. The general rule of nonliability, as stated in *Price v. Trustees, supra,* is therefore applicable; there is no evidence from which the jury could find facts to which either of the exceptions to said rule, as stated therein, are applicable.

Nor was there evidence, sufficient to be submitted to the jury, tending to show negligence on the part of defendants in failing to cut the water off from the bursted main, and thus stopping its flow into the basement of plaintiff's building. The water main bursted about 12 o'clock at night; the evidence offered by plaintiff shows that employees of defendants were notified of the situation with reasonable promptness and, under the circumstances, within a reasonable time stopped the flow of water and pumped same out of the basement. Upon all. the evidence, under the law in this State, as it has been frequently declared by this Court, defendants are not liable in damages, for the injury sustained by plaintiff.

There is no error. The judgment dismissing the action is
Affirmed.