J. R. WHITE, ADMINISTRATOR OF SARAH ELIZABETH WHITE, MINOR, DECEASED, v. THE CITY OF CHARLOTTE AND CHARLOTTE PARK AND RECREATION COMMISSION.

(Filed 27 January, 1937.)

1. **Municipal Corporations § 12—**

   A municipality is not necessarily relieved of liability as a matter of law for negligence proximately causing injury in the maintenance of a public park, even if the maintenance of the park be a governmental function.

2. **Municipal Corporations § 17: Negligence § 19a—Where evidence leaves cause of injury in conjecture, nonsuit is proper.**

   The evidence tended to show that plaintiff's intestate was fatally injured in a fall from a swing in a municipal park, that intestate and a companion were standing on the seat of the swing "pumping," so that the swing was caused to move rapidly from side to side, that the swing was so constructed that the links in the chain were loose and would slip and cause the swing to jerk when the seat had reached the maximum height on each side, and that while so swinging intestate was thrown or fell therefrom to her fatal injury. *Held:* The evidence fails to show whether intestate's fall was the result of a jerk caused by the slipping

of the chain of the swing, or was the result of some inadvertence on the part of intestate or her companion, and defendant municipality's motion to nonsuit was properly granted, since the cause of the fatal accident is a matter of conjecture on the evidence.

APPEAL by plaintiff from *Cowper, Special Judge,* at September Term, 1936, of MECKLENBURG.    Affirmed.

This is an action to recover damages for the death of plaintiff's intestate, who died on 18 August, 1933, as the result of personal injuries which she suffered when she fell or was thrown from a swing in Independence Park in the city of Charlotte on 13 August, 1933.

Independence Park is owned by the defendant city of Charlotte, a municipal corporation.    It is a public park and is controlled and operated by the defendant Charlotte Park & Recreation Commission, a corporation created by the General Assembly of this State, as an agency of the city of Charlotte.    Independence Park and its facilities are owned, controlled, and operated by the defendants for use by the public, for purposes of recreation.    The defendant Charlotte Park & Recreation Commission is authorized to charge and in some instances does charge fees for the use of certain of the facilities provided by said commission in Independence Park.

It is alleged in the complaint that the death of plaintiff's intestate, who was about fifteen years of age at the time she suffered her fatal injuries, was caused by the negligence of the defendants in failing to exercise reasonable care to provide for her, and others who had the right to use the facilities of Independence Park, a reasonably safe swing.

It is further alleged that the swing from which plaintiff's intestate fell or was thrown was defective in that the links which make up the chains in said swing were loose, causing the links to slip when the swing was used, and thereby to give a violent jerk, and that plaintiff's intestate fell or was thrown from said swing by a jerk as she was using it.

These allegations are denied in the answer.    In further defense of plaintiff's recovery in this action, the defendants allege in their answers that plaintiff's intestate by her own negligence contributed to her fatal injuries.    They also allege that Independence Park and its facilities, including the swing from which plaintiff's intestate fell or was thrown, were owned, controlled, and operated by the defendants in the exercise of a governmental function, and that for that reason they are not liable to plaintiff in this action.

The action was begun in the Superior Court of Mecklenburg County on 12 February, 1934.

It was admitted that prior to the commencement of the action, the plaintiff caused notice of his claim to be served on the defendants as required by the provisions of the charter of the city of Charlotte, and that defendants denied liability and declined to allow or pay said claim.

At the trial, the evidence for the plaintiff tended to show that on 13 August, 1933, while plaintiff's intestate and a companion were swinging in a swing in Independence Park, plaintiff's intestate fell or was thrown from the swing into a concrete ditch, and that she thereby suffered personal injuries from which she died on 18 August, 1933; that immediately before she fell or was thrown from the swing, she and her companion, who were standing on the seat of the swing, facing each other, were "pumping," or causing the swing by the motions of their bodies, to move rapidly through the air, from side to side; and that while so using the swing, plaintiff's intestate was suddenly thrown or fell from the swing into a concrete ditch at a distance of about 16 feet from the swing.

There was evidence tending to show that the links in the chains which were attached to the seat, were loose, and at times while the swing was being used, would slip, causing the swing to give a violent jerk. There was no evidence, however, tending to show that plaintiff's intestate fell or was thrown from the swing by a jerk, caused by the slipping of the links. All the evidence showed that immediately before she fell or was thrown from the swing, plaintiff's intestate and her companion were causing the swing to move rapidly from side to side, through the air, as high on each side as they could.

At the time she was injured, plaintiff's intestate was about 15 years of age. She was a normal girl of that age, both physically and mentally. She had frequently used the swings in Independence Park for play and recreation. She knew the conditions in the park surrounding the swings. No charge was made by the defendants or either of them for the use of the swings. There were no defects in the swings. They were so constructed that the links in the chains were loose, and would slip, when the seat had reached the maximum height on each side, causing the swing to jerk as the seat returned to the other side.

At the close of the evidence for the plaintiff, defendants moved for judgment dismissing the action as of nonsuit. The motion was allowed, and plaintiff duly excepted.

From judgment dismissing the action, plaintiff appealed to the Supreme Court, assigning as error the judgment dismissing the action as of nonsuit.

*John Newilt for plaintiff.*
*Scarborough & Boyd for defendants.*

CONNOR, J. Conceding that Independence Park and its facilities, including the swing from which plaintiff's intestate fell or was thrown with the result that she suffered the injuries from which she died, are

owned, controlled, and operated by the defendants in the exercise of a governmental function, and not for a corporate purpose (*Alkins v. Durham,* 210 N. C., 295, 186 S. E., 330; *Parks-Belk Co. v. Concord,* 194 N. C., 134, 138 S. E., 599), it does not follow as a matter of law that defendants owed no duty to the plaintiff's intestate and others who had the right to use said facilities for purposes of play or recreation, to exercise reasonable care to provide facilities which were reasonably safe, or that defendants would not be liable to plaintiff for a breach of such duty, if such breach was the proximate cause of injuries which resulted in the death of his intestate (*Fisher v. New Bern,* 140 N. C., 506, 53 S. E., 342; *Warden v. City of Grafton* [W. Va.], 128 S. E., 375).

We are of opinion and so hold that there was no error in the judgment in this case, dismissing the action as of nonsuit, for the reason that there was no evidence at the trial tending to show that the death of plaintiff's intestate was caused by the negligence of the defendants or of either of them. If there was negligence on the part of the defendants, with respect to the construction of the swing, or its location in the park, as contended by the plaintiff, there was no evidence from which the jury could have found that such negligence was the proximate cause of the death of plaintiff's intestate. Whether she fell or was thrown from the swing while she and her companion were standing on the seat, and "pumping," because of a jerk which resulted from the slipping of the links in the chains, or because of some inadvertence on her part or on the part of her companion, is purely a matter of conjecture. Juries, as the finders of facts, ought not to be required or permitted to find facts on which legal liability arises, when they must conjecture what the facts are. In the absence of any evidence tending to show negligence on the part of the defendants which was the proximate cause of the death of plaintiff's intestate, there was no error in the judgment dismissing this action. The judgment is

Affirmed.