JOHN LOWE v. CITY OF GASTONIA.

(Filed 28 April, 1937.)

**1. Municipal Corporations § 17—**

> A caddy on a municipal golf course, offering his services to the players on the course, is at least an invitee, and the city is liable for injuries resulting from its failure to exercise reasonable care for his safety in maintaining a defective bridge across a creek on the course.

**2. Municipal Corporations § 12—**

    A municipality cannot avoid liability for injuries suffered by a caddy on its municipal golf course, as a result of its negligent failure to exercise reasonable care for his safety, on the ground that it owned and operated the golf course in the exercise of a governmental function.

APPEAL by defendant from *Rousseau, J.,* at January Term, 1937, of GASTON. No error.

This is an action to recover damages for personal injuries which the plaintiff suffered when he fell from a small bridge across a creek on the golf course, which is owned and maintained by the defendant.

At the close of the evidence for the plaintiff, the defendant moved for judgment as of nonsuit. The motion was denied and the defendant excepted. The defendant offered no evidence.

The issues arising upon the pleadings were answered by the jury as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by his own negligence, contribute to his injuries, as alleged in the answer? Answer: 'No.'

"3. What amount, if any, is the plaintiff entitled to recover of the defendant as damages? Answer: '$200.00.' "

From judgment that the plaintiff recover of the defendant the sum of $200.00, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow its motion for judgment as of nonsuit at the close of all the evidence.

*J. L. Hamme for plaintiff.*
*Ernest R. Warren for defendant.*

CONNOR, J. The evidence at the trial of this action, considered in the light most favorable to the contentions of the plaintiff, was sufficient to show facts on which the defendant is liable to the plaintiff for the damages which the plaintiff sustained from the injuries which he suffered, when he fell from the small bridge across the creek on the golf course which the defendant owns and maintains in Gaston County.

The plaintiff at the time he was injured was on defendant's golf course as a caddy, offering his services to the players on said golf course. He was at least an invitee. *Brigman v. Fiske-Carter Const. Co.,* 192 N. C., 791, 136 S. E., 125. For this reason the defendant owed the plaintiff the duty to exercise reasonable care for his safety, while the plaintiff was on its premises as a caddy. *Everett v. Goodwin,* 201 N. C., 734, 161 S. E., 317. The evidence was sufficient to show that the small bridge across the creek on defendant's golf course, near the first fairway, was

defective, as alleged in the complaint, and that as plaintiff was in the act of walking across the bridge he fell into the creek. His fall and resulting injuries were caused by the defects on the bridge. These defects were the result of the negligence of the defendant in the construction and maintenance of the bridge.

Defendant's contention on its appeal to this Court that it is not liable to the plaintiff in this action because it owned and maintained the golf course in the exercise of a governmental function, cannot be sustained. See *White v. City of Charlotte, ante,* 186, 189 S. E., 492.

There was no error in the refusal of the trial court to allow defendant's motion at the close of all the evidence, that the action be dismissed. The judgment is affirmed.

No error.