This is a civil action for actionable negligence brought by plaintiffs against defendant, alleging damage.
The complaint of plaintiffs, in part, is as follows:
"2. That the plaintiffs are, and have been prior to and since 30 December, 1919, the owners and in possession of Lot No. 8 in Block No. 45, as shown on the map of the town of North Wilkesboro, and the defendant is the owner and in possession of, and has been prior to and since 30 December, 1919, the owner of Lot No. 7 in Block No. 45, as shown on the map of the town of North Wilkesboro.
"3. That on 30 December, 1919, the plaintiffs and the defendant entered into a party wall agreement, which was properly executed by all the parties and recorded in the office of the register of deeds of Wilkes County on 13 January, 1920, in Book 111, page 106, which contract as recorded is made a part of this complaint.
"4. That on 30 December, 1919, both the lot of the plaintiffs and the lot of the defendant were vacant and undeveloped.
"5. That immediately after the execution of the party wall agreement referred to in the preceding paragraph, the defendant A. F. Phillips proceeded to construct said party wall in connection with a building on his own Lot No. 7, Block No. 45, said wall being 70 feet long and two stories high. That said wall was built according to the contract by A. F. Phillips, he being the sole judge of the depth that said wall was placed in the ground, without any suggestion, supervision, or knowledge of the plaintiffs except such as they saw in passing backward and forward. *Page 340 
"6. That about three years after the defendant had completed said party wall the plaintiffs, pursuant to said party wall agreement, paid to the said defendant A. F. Phillips the sum of $500.00 and constructed their brick building on their said lot, covering the entire lot from the front on the west side of Tenth back the entire distance of 70 feet and two stories high, with 8-foot basement, said building being constructed of brick and so arranged that it constituted the residence of the plaintiffs and a store room on the ground floor fronting on Tenth Street.
"7. That the building of the plaintiffs was properly attached to said party wall, the plaintiffs having a basement eight feet deep and the defendant's basement being ten feet deep, thereby making the base of plaintiffs' basement two perpendicular feet above the base of said party wall. That two of the flues in the party wall were used by the plaintiffs, pursuant to the said party wall agreement, as a part of the construction of the plaintiffs' building.
"8. That some two or three years after the plaintiffs constructed their building to said party wall the defendant's building was completely destroyed by fire, leaving the defendant's basement open and unsheltered from the weather for several years, permitting the rain water and water from snows and ice to stand in said basement until it sank, making the earth under said party wall and open basement wetter and softer than it would have been had it been undeveloped naked earth, the said basement being clay and unprotected by natural top soil.
"9. That some time during April, 1935, the defendant began the reconstruction of his building by negligently sinking his said basement the distance of four perpendicular feet below his former basement and four feet below the basement of said party wall, the defendant knowing at the time the soggy condition of the clay and of the danger of leaving said party wall to which the plaintiffs' building was attached resting upon 17 inches of soft clay with only the additional support of a base eight inches wider than the party wall. That said excavation was negligently carried on by the defendant during the April and May rains, which had completely saturated the earth under said party wall, and negligently and recklessly permitted said party wall (the support and part of plaintiffs' building) to stand unprotected for several weeks until the rains had softened the clay supports of said wall to such an extent that on 21 May, 1935, without notice or warning, plaintiffs' building and party wall began cracking and giving way, and within about ten minutes said party wall had slid off into the defendant's basement and had wrecked plaintiffs' building to the extent that the plaintiffs were forced to abandon it as their residence, and the tenant of plaintiffs' store room was forced to abandon the room, thus leaving the plaintiffs' building gaping from the loss of its support and party wall, and suspended *Page 341 
on three sides with its joists supports pulled from the opposite wall, thereby leaving plaintiffs' building almost a complete wreck, and pulling the building of the plaintiffs, which they had attached to their building on their other lot opposite this building, until it was rent from top to bottom in its front wall fronting Tenth Street, this said building being also constructed of brick.
"10. That as a result of the negligence of the defendant A. F. Phillips, hereinbefore set out, plaintiffs were forced to abandon their building as a residence, and were forced to rent a residence in which to live, which at that time could not be had in North Wilkesboro or Wilkesboro, and the plaintiffs were unable to rent a residence in which to live, and were unable to rent the store room to their building for a period of four and one-half months as to their residence and a period of five and one-half months as to their store room.
"11. That the defendant A. F. Phillips admitted his negligence in doing the damage described to the buildings of the plaintiffs, and undertook to restore said damage done the plaintiffs by furnishing to them a three-room cabin just across the street from the courthouse in Wilkesboro, and attempted to restore the damage done the property of the plaintiffs in such a negligent manner that he did but little to restore plaintiffs' building except such as was necessary to do in the slow and faulty construction of his own building, and did without leave or license shove the steel beams of his new building through and beyond the center of the said party wall and into that portion of the party wall which belonged to the plaintiffs a distance of approximately four inches, thus giving him a ground floor space, thus further willfully and negligently weakening the building of the plaintiffs, and negligently continued to leave the plaintiffs out of the use and benefit of said building for a period of from four to five and one-half months.
"12. That as a follow-up of the willful and negligent injury to the property of the plaintiffs, the defendant negligently and willfully mistreated these plaintiffs in their persons and in their property by his negligence and negligent indifference to their rights and benefit of their property which they were entitled to; that he piddled around with the construction of his own property, leaving the plaintiffs in his cabin crowded for a period above set out, and by his negligence caused the plaintiffs' furniture and household goods to be left open to the air, winds, and moisture and weather during said time, and out of the use of their property; and when he had completed, as he contends, the reconstruction of the plaintiffs' property, had done his work in such a faulty, negligent manner that the plaintiffs' building is yet untrue, not level, is sagged and warped and the walls cracked, which will force the plaintiffs to tear down and reconstruct their building. *Page 342 
"13. That by reason of the negligence and willful acts and conduct of the defendant A. F. Phillips, as hereinbefore set out, the plaintiffs have been damaged in the sum of $8,695," and demand judgment for same.
The defendant admitted the 2d 3rd, and 4th paragraphs of the above complaint and denied negligence and the other material allegations of the complaint and set up estoppel, contributory negligence, and counterclaim.
The issues submitted to the jury and their answers thereto were as follows:
"1. Did the defendant, either through himself or his employees, wrongfully and negligently dig and excavate the earth so near the wall between the plaintiffs and defendant that it gave way and fell, as alleged in the complaint? Ans.: `Yes.'
"2. If so, did the plaintiffs by their want of due care contribute to the injury? Ans.: `No.'
"3. What damages, if any, are plaintiffs entitled to recover of the defendant? Ans.: `$2,000.'
"4. What amount, if any, is defendant entitled to recover of plaintiffs on defendant's counterclaim, as alleged in the answer? Ans.: `None.'"
Judgment was rendered on the verdict.
The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.
At the close of plaintiffs' evidence and at the close of all the evidence the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. These motions were overruled, and in this we can see no error. Plaintiffs' evidence fully sustained the allegations in the complaint and defendant's evidence was to the contrary. The jury found the issues, tendered by defendant and submitted to the jury by the court below, in favor of plaintiffs.
The court below gave, with a few exceptions in which we see no error, long and carefully prepared prayers for special instructions requested by defendant. We see no error in allowing and excluding certain evidence in the trial. We see no prejudicial error in the court's instruction on the measure of damages or otherwise. The questions of contributory negligence and estoppel were for the jury to determine and not the court. *Page 343 
The present action is in many respects similar to that of Hammond v.Schiff, 100 N.C. 161. The facts and issues are similar. Davis v.Summerfield, 131 N.C. 352; S. c., 133 N.C. 325.
On the entire record we see no prejudicial or reversible error.
No error.