This was an action to recover damages for an injury to plaintiffs' building in the city of High Point, alleged to have been caused by the negligence of the defendants Blythe Brothers Company, A. H. Guion 
Company, the city of High Point, and the Southern Railway Company, incident to excavations adjoining plaintiffs' property made for the purpose of constructing a railroad underpass and an overhead concrete bridge in the city.
The facts alleged in the complaint were substantially these: The city of High Point and the North Carolina State Highway and Public Works Commission, in cooperation with the Southern Railway Company, had entered into an agreement for the elimination of grade crossings in the city by lowering the grade of the tracks of the Railway Company. At the point where Main Street (one of the principal thoroughfares of the city and a State Highway) crosses the railroad the grade of the railroad was to be lowered some 28 feet, and over this cut a concrete bridge was to be constructed as a part of Main Street to carry the traffic of that street and the State Highway. The general direction of Main Street is north and south. The plaintiffs' property, a two-story brick building, was located on the northwest corner of Main and Broad streets, fronting 27 feet on Main Street, and extending westward along Broad Street 100 feet. Broad Street intersected Main Street at right angles, and its southern line adjoined and paralleled the railroad right of way. In carrying out the agreement as to the crossing at Main Street, the city of High Point undertook to do the excavating necessary for lowering the tracks, and contracted with defendant Blythe Brothers Company to do this work. The State Highway Commission employed A. H. Guion Company to construct a permanent concrete bridge and to erect the retaining walls along the sides of the excavation. The north bank of the cut, west of Main Street, was immediately south of Broad Street, and across this last named street stood plaintiffs' building. At the time Guion Company began the work for which it had contracted with the Highway Commission, in 1938, Blythe Brothers Company had practically completed the excavation. Under the surface of Broad Street the city of High Point had laid a 24-inch water main and this connected *Page 467 
with a 12-inch main at the intersection of this street with Main Street. North of plaintiffs' building the entire block was covered by business buildings, constituting enormous pressure on the land. The type of soil revealed by the cut as underlying Broad Street and plaintiffs' building was red clay for one and a half feet, underneath which was a stratum of water bearing sand. Notice of the nature of the soil was given defendant Guion 
Company and its attention was called to the surrounding conditions. In beginning its work of erecting the bridge defendant Guion Company took no steps to relieve the pressure on the north bank of the cut just south of plaintiffs' building, while heavy piling was driven in the cut in the line of Main Street at a point near plaintiffs' property. The pile driver, weighing 52,000 pounds, together with hoisting machinery, was placed on the asphalt surface of Broad Street, just over the junction of the water mains, and the effect of the driving was such as to jar the soil under Broad Street and plaintiffs' building. In August, 1938, this caused the unjointing of the water mains, and as a result the water poured through the subsoil into the cut, carrying a slide or cave-in of earth and loosening the foundation of the street and building. Broad Street was blocked off by defendant Guion Company, and the surface water thereon was diverted and caused to flow into the cut. In November, 1938, due to diverted water, augmented by heavy rainfall, loosening the underlying stratum, a heavy land slide and cave-in from the north bank into the cut occurred, carrying away a part of the street and several sections of the 24-inch water main. As a consequence, plaintiffs' building was caused to settle and crack, the entire south wall was caused to move laterally several inches, and the plaintiffs' building became unsafe and unfit for use, so much so that the building was rendered practically worthless, and it became necessary to have it torn down.
The pertinent allegations of negligence imputed to the defendants were that no shoring or bracing was done to prevent slides or cave-ins along the north side of the deep cut, and that after the slide of August, 1938, nothing was done to repair or prevent further slides, although the defendants knew or should have known of the danger to plaintiffs' building; that defendants knew the type of soil involved and took no precautions to prevent slides; that the pile driving was done without due precaution to prevent injury. The allegations applicable to the city of High Point were that the city failed to inspect, repair and relocate its water mains, failed to repair cracks which appeared in the pavement of Broad Street, and failed to take precautions to protect plaintiffs' property.
The defendants, severally, denied the allegations of negligence and denied that plaintiffs' injury proximately resulted therefrom. The city of High Point denied liability for any injury to plaintiffs' property on *Page 468 
the further ground that in authorizing the lowering of the grade of the railroad track and the construction of the bridge, it was acting in its governmental capacity in the public interest; and that the construction of the bridge was done by Guion Company under contract and supervision of the State Highway Commission, and that the city was not liable for injury resulting from the negligence of the contractor.
At the conclusion of plaintiffs' evidence motion for judgment of nonsuit as to defendant Southern Railway Company was allowed. No exception was preserved as to this ruling.
Both defendants Guion Company and the city of High Point demurred oretenus on the ground that plaintiffs' exclusive remedy was under sec. 3846 (bb), Michie's Code, and that the injury complained of occurred while work was being carried on by agents and servants of the State Highway Commission. Both defendants also in apt time moved for judgments of nonsuit. Both demurrers were overruled and the motions for nonsuit denied, and defendants Guion Company and the city of High Point excepted.
The following issues were submitted to the jury and answered as follows:
"1. Was the plaintiffs' property damaged by the negligence of the City of High Point in removing lateral support from the lands and building of the plaintiffs without proper notice, as alleged in the complaint? Answer: `No.'
"2. Was the plaintiffs' property damaged by the negligence of the defendants, or either of them, as alleged in the complaint? Answer: `Yes. (A) Blythe Bros. Co.: Yes. (B) A. H. Guion Co.: Yes. (C) City of High Point: Yes.'
"3. If so, did the plaintiffs by their own negligence contribute to their injury? Answer: `No.'
"4. If so, was such injury and damage caused by the primary and active negligence of: Answer: `(A) Blythe Bros. Co.: Yes. (B) A. H. Guion Co.: Yes. (C) City of High Point: Yes.'
"5. What amount of damages are the plaintiffs entitled to recover? Answer: `$2,225.00.'"
The court set aside the verdict as to Blythe Brothers Company on the ground that this defendant was entitled to peremptory instructions in its favor. No exception was preserved to this ruling. Plaintiffs' motion to set aside the verdict on the fifth issue was denied. Judgment on the verdict as to defendant Guion Company and the city of High Point was signed, and plaintiffs excepted and appealed on the issue of damages. Defendants Guion Company and city of High Point appealed, assigning as error the court's overruling their demurrers and motions for nonsuit. *Page 469 
PLAINTIFFS' APPEAL.
Plaintiffs' appeal involves only the rulings of the court relating to the issue of damages. They excepted to the admission of certain evidence as to the repair of the damaged building, and also to the charge of the court on this point, and to the refusal of the court to state their contentions in the form requested. An examination of the record, however, leads us to the conclusion that the evidence, to which objection was noted, for the purpose for which the court in the charge limited it, was competent. Plaintiffs' contentions were substantially stated in the general charge, and we find no error in the instructions given, which would warrant a new trial.
The court gave the jury the correct rule for the admeasurement of damages — the difference between the market value of the property before and after the injury — and was careful to instruct them that evidence as to the practicability of repairing the plaintiffs' building, instead of removing it entirely, was for the purpose of aiding the jury in determining the reasonableness of the opinion expressed by the witnesses as to the market value of the property and the difference in market value before and after the injury. Farrall v. Garage Co., 179 N.C. 389,102 S.E. 617; Construction Co. v. R. R., 185 N.C. 43, 116 S.E. 3. The court also instructed the jury that if they found by the greater weight of the evidence that the building could have been repaired, and hence would have been of more value than if torn down, this should be taken into consideration in determining the market value after the injury.
On plaintiffs' appeal,
No error.
APPEAL OF DEFENDANT A. H. GUION COMPANY.
This appealing defendant assigns as error the overruling of its demurrer, which was based upon the ground that plaintiffs' remedy was under section 3846 (bb), Michie's Code, and upon the further ground that, under its contract as servant and agent of the State Highway and Public Works Commission, the immunity of the State extended to and relieved it of liability for injuries incident to the work.
The demurrer was properly overruled. The plaintiffs, for remedy for the injury alleged, were not relegated to a claim for damages against the Highway Commission as for a taking of their property; nor is a contractor, though working under contract with the Highway Commission, relieved of liability for injuries proximately caused by its *Page 470 
negligence. Hughes v. Lassiter, 193 N.C. 651, 137 S.E. 806; Evans v.Construction Co., 194 N.C. 31, 138 S.E. 411; Gold v. Kiker, 216 N.C. 511,5 S.E.2d 548; Cavarnos-Wright Co. v. Blythe Bros. Co., 217 N.C. 583,8 S.E.2d 924; Thompson Caldwell Construction Co. v. Young, 294 Fed., 145. The holding in Wilkins v. Burton, ante, 13, has no application to the question here presented.
Also, we think the defendant's motion for judgment of nonsuit was properly denied. The evidence, taken in the light most favorable to the plaintiffs, in accord with the established rule, was sufficient to carry the case to the jury. There was some evidence tending to support the allegations of the complaint that failure on the part of this defendant to exercise due care in the performance of the duty which it owed to the abutting property owners, proximately contributed to the injury complained of.
The contract between the Highway Commission and this defendant required the latter, in addition to the construction of the street and concrete bridge at the Main Street crossing, to construct the retaining walls of the excavation, "including all necessary shoring." The contract contained these further provisions: "The contractor's attention is called to the fact that the excavation for some portions of the bridges and retaining walls will endanger the foundation of adjoining structures and that he will be required to conduct his work in such a manner that they will not be weakened with resulting damage to the structures. . . . The contractor's attention is further called to the fact that he will be held responsible for all damage to adjoining private and public property growing out of his operations." The contractor was also obligated to furnish and place all temporary shoring required for the safe performance of his operations, and the contractor's attention was specifically called to the fact that water mains would be encountered during the construction of the project, and he was enjoined to conduct his operations so as not to damage or interrupt the service. There was also evidence tending to show that this defendant had been notified of the character and type of the soil on the slope of the north side of the excavation and under Broad Street, adjoining plaintiffs' building. The plaintiffs' evidence further tended to show that, notwithstanding this notice and knowledge of these facts, this defendant failed to provide adequate shorting required for the prevention of earth slides, and placed pile driving machinery of enormous weight flat on the asphalt paving of the street and proceeded to carry on the pounding and jarring of a 52,000-pound hammer immediately above the junction of two large water mains, causing their separation and flooding the subsoil; that later this machinery was placed on adequate platform; that following the slide or cave-ins in August, 1938, due to the disconnection of the water mains, *Page 471 
defendant diverted water on Broad Street, and that this water, augmented by a large rainfall, in November, 1938, poured down the bank and further undermined the street and plaintiffs' building, and caused a large cave-in and the breaking of several sections of the water mains, rendering plaintiffs' building unsafe and unfit for use.
We think there was evidence tending to show a negligent breach of the duty which this defendant owed to an abutting owner, proximately causing injury, and that there was no error in submitting the case to the jury.Smith v. Phillips, 213 N.C. 339, 196 S.E. 305; Bonapart v. Nissen,198 N.C. 180, 157 S.E. 94; Davis v. Summerfield, 131 N.C. 352,42 S.E. 818; 50 A.L.R., 499; Jamison v. Myrtle Lodge, 158 Iowa 264;Bohrer v. Dienhart Harness Co., 19 Ind. App. 489.
On defendant Guion Company's appeal,
No error.
APPEAL OF DEFENDANT CITY OF HIGH POINT.
A consideration of the record in this case leads us to the conclusion that the motion for judgment of nonsuit as to the city of High Point should have been allowed. The city, in the commendable effort in cooperation with the State Highway Commission and the Southern Railway Company, to eliminate grade crossings in the city, entered into an agreement by which it undertook to have the necessary excavating done for the lowering of the grade of the railroad track at the Main Street crossing, and employed Blythe Brothers Company to do this work. Blythe Brothers Company performed their contract, made the necessary excavations and completed the principal part of their work before defendant Guion Company began the construction of the bridge and retaining walls. Blythe Brothers Company, under the ruling of the court below, has been absolved from liability, so far as this appeal is concerned. The verdict and judgment establishing that the injury to plaintiffs' property was caused by the negligence of Guion Company has been upheld. Guion Company was under contract with the State Highway Commission to construct the bridge and the retaining walls and in the course of that employment did the things with respect to which negligence was charged. Thus, the operations complained of were not being carried on by the city, nor by its servants or agents, but by the contractor employed and acting under the supervision of the State Highway Commission. The Highway Commission had authority under the statute to construct the bridge over the railroad tracks on a State Highway. Mosteller v. R. R., ante, 275.
It must be borne in mind that in authorizing these operations, looking to the elimination of grade crossings and the lessening of the hazards of traffic, in grading its streets and building a bridge for a public *Page 472 
thoroughfare, the city was acting in its governmental capacity and was not liable for incidental damage to abutting property, Dorsey v. Henderson,148 N.C. 423, 62 S.E. 547; Parks-Belk Co. v. Concord, 194 N.C. 134,138 S.E. 599; Calhoun v. Highway Com., 208 N.C. 424, 181 S.E. 271; Broomev. Charlotte, 208 N.C. 729, 182 S.E. 325; Jenkins v. Henderson,214 N.C. 244, 199 S.E. 37; Sanders v. R. R., 216 N.C. 312,4 S.E.2d 902, unless negligence in the manner of doing the work can be attributed to the city. Hoyle v. Hickory, 167 N.C. 619,83 S.E. 738; Yowmans v. Hendersonville, 175 N.C. 574, 96 S.E. 45; 6 McQuillin Mun. Corp. (2nd Ed.), secs. 2779, 2805.
The acts of negligence alleged in the complaint, chiefly applicable to this defendant, were delay in repairing the water mains; failure to relocate the main on Broad Street; failure to repair the cracks in the street, and take precautions to protect plaintiffs' property; failure to give notice of the nature and extent of the excavation. It will be noted that the jury in answer to the first issue absolved this defendant of the imputation of negligence with respect to the removal of lateral support from plaintiffs' building without proper notice.
In none of the particulars mentioned does the evidence support the allegations of the complaint. The disconnection of the water mains was repaired without undue delay, and, where sections of the main on Broad Street were displaced, the water system was rearranged with reasonable diligence. No liability can be imputed to the city on this ground.Parks-Belk Co. v. Concord, supra. The cracks in the street were alleged to have been inadequately repaired, but no injury appears to have been caused to plaintiffs' property by reason thereof. The case involves no question of liability of the city to a traveler for failure to properly maintain its streets. There is no evidence of negligent omission to perform any duty owed the plaintiffs, under the allegations here, for which it may be held liable. To hold that the city, in the exercise of its governmental functions for the public welfare, was under obligation to foresee and guard against the negligence of an independent agency, working under the supervision of the State Highway Commission, would be to impose a greater burden on the city than the law requires. In any event its liability for failure, after notice, to guard against dangerous conditions due to the negligence of another would be secondary to that of the other. Gregg v.Wilmington, 155 N.C. 18, 70 S.E. 1070; Guthrie v. Durham, 168 N.C. 573,84 S.E. 859. The evidence discloses no ground upon which liabilityex delicto can be imposed upon the city of High Point for the injury to plaintiffs' building, and the motion for judgment of nonsuit should have been allowed.
On appeal of defendant city of High Point,
Reversed. *Page 473