**Mabel W. HITCHINGS, Appellant,**

v.

**ALBEMARLE HOSPITAL, Appellee.**

**No. 6923.**

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1955.

Decided April 7, 1955.

Frederick E. Martin, Jr., and Frederick E. Martin, Sr., Norfolk, Va. (W. C. Morse, Jr., Elizabeth City, N. C., on brief), for appellant.

John H. Hall, Elizabeth City, N. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Mabel Hitchings brought a civil action in the United States District Court for

the Eastern District of North Carolina. Her complaint alleged that while she was a visitor of a paying patient in the Albemarle Hospital, she was injured in a fall from an unsafe stairway, due to the negligence of the hospital. The District Court granted the hospital's motion for summary judgment in its favor, and Mabel Hitchings has appealed to us.

From the opinion of the District Judge, we quote:

"The Court finds as facts the following:

"That this is an action for personal injuries for alleged negligence of defendant in the construction, maintenance and lighting of a stairway at the Albemarle Hospital in Elizabeth City, North Carolina; that the defendant denied liability, and pleaded, inter alia, the defense of immunity because of a governmental function; that the defendant is a non-stock, non-profit corporation, organized about 1930, under the laws of North Carolina; that Pasquotank County is a political subdivision of the State of North Carolina, and the City of Elizabeth City, in said County, is a municipal corporation; that in November, 1930, a special election was held in said County and City to determine whether said two governmental agencies should jointly and equally acquire the properties, real and personal, then owned privately and known as the Albemarle Hospital, situate in said municipality and County; that a large majority of the electorate voted for said acquisition and in December of 1930 the said hospital properties, real and personal, were acquired by said City and County, the purchase price having been paid equally by said County and City, and from and with public funds; that the said County and City took title for said property in the name of the defendant herein, 'as trustee for the County of Pasquotank, North Carolina, and the City of Elizabeth City, North Carolina,' said deed be-

ing duly of record in Pasquotank County Public Registry in Book 78, page 480; that said hospital has at all times since December, 1930, been operated by and on behalf of said County and City through the defendant as their corporate agency; that the said hospital was and is managed by a Board of Trustees, who serve without pay and who are appointed jointly by the Governing bodies of said County and City, and said Board always has in its membership one person from the Board of County Commissioners of said County and one person from the membership of the Board of Aldermen of said City; that patients in the hospital are either pay-patients, part-pay patients or charity patients, including especially charity patients living in Pasquotank County and the City of Elizabeth City, one or both; that the charges made to or for said patients are fixed from time to time by said Board of Trustees; that since said December, 1930, operating deficits of the hospital and funds for capital outlay are supplied from the treasuries of said County and City, these being public funds; and that the said defendant corporation has no assets or properties of its own, other than the aforesaid title to the real and personal property which it holds as trustee for said County and City.

"The Court finds that there is no genuine issue as to any material fact on defendant's plea, set up in its answer, of immunity from liability because of governmental function in the establishment, regulation, maintenance and operation of said hospital and said hospital building; and the Court is of the opinion and so holds that said activities are a governmental function of said County and City, the said hospital and its properties being operated by said County and City through the defendant corporate agency; and that the defendant is immune from liabil-

ity for alleged negligence herein because of governmental function; and the Court concluded that the defendant is entitled to judgment dismissing this action as a matter of law."

■ With this opinion we agree. The judgment of the District Court must, therefore, be affirmed.

■ The rule that a municipal corporation is immune to suit for negligence in the performance of a *governmental* function, but is liable if it is fulfilling a function of a *proprietary* character, seems to obtain in a majority of the States of the United States. This rule, though branded as "archaic," was reluctantly followed by District Judge Holtzoff, in the recent case of Calomeris v. District of Columbia, D.C., 125 F. Supp. 266, 268. Judge Holtzoff felt that he was "bound by the ruling in Jones v. District of Columbia, 51 App.D.C. 319, 279 F. 188". He held accordingly, that the District of Columbia was immune from liability for the death of a pay patient alleged to have resulted from the negligence of the staff of the District of Columbia General Hospital, since in operating a public hospital the municipality is acting in a governmental capacity. The cases are set out in some detail in Judge Holtzoff's opinion. See, also, 16 A.L.R.2d 1083; 25 A.L.R.2d 203 et seq.; 49 A.L.R. 381; 63 C.J.S., Municipal Corporations, § 905, p. 311; 63 C.J.S. Municipal Corporations, § 777, pp. 84–85.

■ We must, of course, follow the law of North Carolina. No case directly in point has been found. We think, however, that the North Carolina cases show a distinct tendency to hold to the so-called majority rule, which would grant immunity in the instant case. We think, under these cases, the municipalities here were, in operating the hospital, exercising a governmental function. Certainly, the health of its citizens is a matter of grave public concern to a State, or municipal subdivisions thereof.

Now for the North Carolina cases. In Beach v. Town of Tarboro, 225 N.C. 26, 33 S.E.2d 64, Justice Schenck said:

"'It is the general rule in this jurisdiction that a municipal corporation, when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs of their employés and agents unless made so by statute.'" 225 N.C. 28, 33 S.E.2d 65.

■ In that case, the maintenance of street lights was held to be a governmental function. Broome v. City of Charlotte, 208 N.C. 729, 182 S.E. 325, exempted the municipality on the ground that the operation of a truck (which injured plaintiff) for the collection of trash in street cleaning was a governmental function. In Williams v. Randolph Hospital, 237 N.C. 387, 75 S.E.2d 303, it was held (in the absence of an allegation that the hospital had failed to exercise due care in selecting its servants and employees) that a non-stock charitable corporation not operated for profit was not liable to a paying patient for injuries received due to the negligence of the servants and employees of the hospital. It would seem that the liability of a municipal hospital is no greater than the liability of a private charitable hospital and that the rights of a visitor (an invitee at best) rise no higher than the rights of a paying patient. See, also, Williams v. Union County Hospital Ass'n, 234 N.C. 536, 67 S.E.2d 662.

We find nothing in the cases relied upon by counsel for plaintiff which militates against the views that we have expressed. Cowans v. North Carolina Baptist Hospitals, 197 N.C. 41, 147 S.E. 672, held merely that a charitable hospital, operated for benevolent purposes, was not exempt from liability in damages for the negligent injury to a servant or employee. Lowe v. City of Gastonia, 211 N.C. 564, 191 S.E. 7, 8, decided that a caddy on a municipal golf course could recover against the city for injuries

suffered when he fell from a small bridge on the golf course. In that case, said Justice Connor: "Defendant's contention on its appeal to this court that it is not liable to the plaintiff in this action, because it owned and maintained the golf course in the exercise of a governmental function, cannot be sustained."

Piedmont Memorial Hospital v. Guilford County, 218 N.C. 673, 12 S.E.2d 265, determined simply that a non-profit, benevolent and charitable hospital's personalty, held and exclusively used for charitable purposes, was exempt from taxation. Bollinger v. Rader, 151 N.C. 383, 66 S.E. 314, turned on a question of proximate cause, and the same is true of White v. City of Charlotte, 207 N.C. 721, 178 S.E. 219. In White v. City of Charlotte, 209 N.C. 573, 183 S.E. 730, at page 731, Justice Connor, said:

"The facts alleged in the complaint in this action are not sufficient to determine as a matter of law whether or not the defendants, in maintaining a public park in the city of Charlotte and providing in said park a swing for the use of children and others who used said park for purposes of recreation, were thereby engaged in the performance of a governmental function only."

On a subsequent appeal in this case, 211 N.C. 186, 189 S.E. 492, a nonsuit was sustained on the ground that there was no showing of negligence. The court in the course of the opinion used broad language, upon which appellant here relies, as to liability for negligence in performance of a governmental function but this was not necessary to the decision rendered and amounts to no more than a statement that, assuming that there was liability for negligence in the performance of a governmental function, negligence was not shown. The cases cited by the court in that case in support of the broad language do not support it, but on the contrary support the rule well established by other North Carolina cases which was stated by the late Judge Avery in Moffit v. City of Asheville, 103 N.C. 237, 9 S.E. 695, 697, as follows:

"The liability of cities and towns for the negligence of their officers or agents depends upon the nature of the power that the corporation is exercising when the damage complained of is sustained. A town acts in the dual capacities of an imperium in imperio, exercising governmental duties, and of a private corporation enjoying powers and privileges conferred for its own benefit. When such municipal corporations are acting (within the purview of their authority) in their ministerial or corporate character in the management of property for their own profit, or in the exercise of powers assumed voluntarily for their own advantage, they are impliedly liable for damage caused by the negligence of officers or agents subject to their control, although they may be engaged in some work that will inure to the general benefit of the citizens of the municipality. (Citing cases.) The grading of streets, the cleansing of sewers, and keeping in safe condition wharves, from which the corporation derives a profit, are corporate duties. (Citing cases.) On the other hand, when a city or town is exercising the judicial, discretionary, or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its officers, though acting under color of office, unless some statute (expressly or by necessary implication) subjects the corporation to pecuniary responsibility for such negligence. (Citing cases.)"

Having held that there was no liability on the part of the defendant because it was an instrumentality of the city in the discharge of a governmental function, it is not necessary that we pass upon the contention that there is no liability because it is an eleemosynary institution; but see on this point the decisions of the

Supreme Court of North Carolina in Williams v. Union County Hospital Association, supra, and Williams v. Randolph Hospital, Inc., supra, and also the decisions of this court in Ettlinger v. Trustees of Randolph-Macon College, 4 Cir., 31 F.2d 869, and Bodenheimer v. Confederate Memorial Ass'n, 4 Cir., 68 F.2d 507.

Affirmed.