JAMES C. SHEEHAN, PLAINTIFF v. HARPER BUILDERS, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. HAZELWOOD CONSTRUCTION COMPANY, INC., THIRD PARTY DEFENDANT

No. 8530SC1141

(Filed 30 December 1986)

**Negligence § 2— building construction—negligence in installation of bolts—insufficient evidence of proximate cause**

> In an action to recover for injuries sustained by plaintiff, an employee of a steel erection subcontractor, when a steel column broke loose from two anchor bolts installed by defendant general contractor to affix it to the concrete footings of a building under construction, plaintiff's evidence was sufficient to support a finding that defendant was negligent in its installation of the anchor bolts where there was some evidence that the anchor bolts were smaller and softer than those required by the plans and specifications. However, plaintiff's evidence was insufficient to prove proximate cause because it was insufficient to show that the steel column would not have fallen if the larger anchor bolts specified in the plans had been used.

APPEAL by plaintiff from *Downs, Judge* and *Grist, Judge.* Order entered 12 January 1985 and judgment entered 14 February 1985 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 6 March 1986.

While working on a building under construction plaintiff, an employee of the steel erection subcontractor, was injured when an already erected and secured steel column broke loose from the two anchor bolts that affixed it to the concrete footings and fell. He sued defendant Harper Builders, the general contractor, alleging that the column fell because the bolts were defective and negligently installed. The defendant denied plaintiff's allegations, alleged that plaintiff was contributorily negligent, and filed a third party complaint against plaintiff's employer Hazelwood Construction Company, Inc. for indemnification as a subcontractor and contribution as a joint tort feasor. When the case was first tried the jury found that both defendant and the third party defendant were negligent, that plaintiff was not contributorily

negligent, and that plaintiff had been damaged in the amount of $100,000. But a new trial was ordered by Judge Downs and in that trial Judge Grist directed a verdict for defendant at the close of plaintiff's evidence. Plaintiff's appeal is from both the order entered after the first trial and the judgment entered after the second.

*McLean & Dickson, by Russell L. McLean, III, for plaintiff appellant.*

*Morris, Golding, Phillips & Cloninger, by James N. Golding, for defendant appellee Harper Builders, Inc.*

*No brief filed by third party defendant appellee Hazelwood Construction Company, Inc.*

PHILLIPS, Judge.

Plaintiff's only contention in regard to the order granting a new trial—that the motion which gave rise to it was not timely filed—has no foundation and we overrule it. Defendant's motion for a new trial, made under Rule 59, N.C. Rules of Civil Procedure, was served on 28 December 1984 and section (b) of that rule provides that motions made thereunder "shall be served not later than 10 days after entry of the judgment." The contention that the motion came too late is based upon the premise that judgment was entered on 12 December 1984, but the record does not show that judgment was entered on 12 December 1984 or at any other time for that matter. What was entered on 12 December 1984 was the jury verdict, which is not mentioned in the provision limiting the time within which motions for a new trial can be made.

The verdict directed against plaintiff at the conclusion of his evidence in the second trial was on the stated ground that his evidence was insufficient to establish either that defendant was negligent or that its negligence was a proximate cause of plaintiff's injury. The validity of this ruling depends upon whether plaintiff's evidence when viewed in its most favorable light tends to show that the two anchor bolts which held the steel column in place were defective and that their deficiency was a proximate cause of the column's fall. For his evidence is plainly sufficient to establish that defendant was responsible for install-

ing the anchor bolts and that they did not prevent the column from falling and causing plaintiff to be seriously injured.

Pertinent to the question presented the record shows the following preliminary or background facts: It was a one-story steel supported building in the early stages of construction. Some days earlier, just when is immaterial, the defendant general contractor had erected the outer masonry walls, had poured the concrete footings for the five steel columns that were to support the roof beams and had installed anchor bolts for the columns in the footings. Two anchor bolts, parallel to each other, were installed for each column and each anchor bolt except for the top 2 or 3 inches was embedded in the concrete footing. On the day of the accident and immediately before it happened plaintiff and other experienced members of the steel erection crew had erected two of the five steel columns and had affixed steel I-beams to the top of each column. The I-beams were the horizontal support for the roof, and each beam was about 30 feet long and weighed about 1,500 pounds. Each column was a 5 inch steel pipe, approximately 18 feet high with a 6 inch by 8 inch steel base plate. In erecting each column the following procedure was followed: A leveling nut and washer was run down on each anchor bolt to the level of the concrete floor that would be poured later; with the aid of a crane the column with its protruding base plate was set on the nuts; and after another washer and nut was put on the bolt and tightened down the crane was removed and the column was left standing with no other support. After the first column was set an I-beam was affixed to it and the wall as follows: While the I-beam was held up by a crane plaintiff, sitting or standing on the beam when necessary, first bolted one end of the beam to the top of the column and then welded the other end onto a steel bearing plate fastened into the building's outer wall, after which the crane was released without incident. Then the second column was erected and an I-beam was bolted to it and welded to the wall bearing plate as before; when the crane was removed from the second beam plaintiff, as he usually did, was sitting on the beam waiting for another beam to be delivered, but as the crane detached from the beam the second column began wavering and then fell over.

When repetition is eliminated plaintiff's other evidence relating to the anchor bolts and the fall of the column consists only of the following: *Plaintiff testified that*: The building plans

and specifications required two anchor bolts for each column and each bolt was supposed to be three-quarters of an inch in size and of a good grade of steel. After the falling column sent him to the ground he laid there and looked around, trying to figure out what went wrong. The fallen column was just a few feet away and upon looking at its base he saw that the top part of one bolt was sheared off and gone, and the top part of the other bolt was bent. The bolt that was still there appeared to be smaller and more shiny than the anchor bolts he was familiar with; it appeared to be a five-eighths inch bolt. The bolt looked like galvanized iron and appeared to be the kind of threaded bolt you would buy at a hardware or auto parts store. He was familiar with anchor bolts used in buildings of that type and they were more of a brownish color rather than a galvanized, chrome color. *Plaintiff's foreman, Mark Medford, testified that*: After the column fell he observed that one of its anchor bolts was broken and the other was bent; that the I-beam was still bolted to the column and that the weld to the wall bearing plate was still in place and held part of the I-beam flange which ripped away during the fall. In re-erecting the column they used both bolts — the bent bolt was straightened and the broken one was welded. In welding the bolt they had a lot of trouble, like there was a soft spot in it. He did not notice the size of the anchor bolts but did notice that the broken bolt would not take a weld well. Any kind of steel can have a galvanized finish on it but usually steel with a galvanized finish is a weaker steel. He never measured the bolts involved and does not know what type of steel bolts they were. The plan called for two anchor bolts for each footing; if the two bolts had been lined up differently the column would have been less likely to fall. If he had noticed anything unusual about the anchor bolts he would not have let plaintiff go up on the steel; he looked at the anchor bolts and saw nothing wrong with them. The column should have held itself up instead of falling, so no bracing was put on it. The procedure followed in erecting the steel was proper in all respects. *W. E. Patton, President of Hazelwood Construction Company, testified that*: The bolt that was sheared off was sticking up about two inches and it was an all threaded bolt, but he did not know what size it was. The concrete footing itself was undamaged and both bolts were still firmly embedded in it after the column fell.

The foregoing is at least some evidence that the anchor bolts defendant installed for the fallen column were defective; for the

evidence indicates, however weakly, that the bolts were smaller and softer than those required by the plans and specifications. From this evidence a jury could properly infer that defendant was negligent. Defendant's argument to the contrary is based on contradictory testimony elicited from plaintiff and his witnesses on cross-examination to the effect that the bolts were not smaller than the plans called for. But to recover in a case based upon negligence, proximate cause also must be established, *White v. The City of Charlotte*, 211 N.C. 186, 189 S.E. 492 (1937), and in our view plaintiff's evidence is insufficient to show that the steel column would not have fallen if the larger anchor bolts specified in the plans had been used. For there was no testimony, expert or otherwise, that the column would not have fallen if three-quarter inch bolts of a high grade steel had been used; nor was there any evidence as to the difference in strength, if any, between the bolts used and those required. Under the circumstances the jury could have only speculated that the column would not have fallen if the bolts had been one-eighth of an inch bigger and our law does not permit verdicts to be arrived at by surmise or speculation. *Miller v. Coppage*, 261 N.C. 430, 135 S.E. 2d 1 (1964).

Affirmed.

Judges ARNOLD and EAGLES concur.