HATTIE N. DILLON v. THE CITY OF RALEIGH.

(Decided March 21, 1899).

*Public Streets—Duty, Power, and Liability of Municipality—Tort Feasors—Proximate Cause—Evidence.*

1. The duty and power of the municipal authorities, under sections 3802 and 3803 of The Code, to prevent and abate nuisances and obstructions in the public streets, are ample and complete; and they may be held liable to the party injured in consequence of their dereliction.

2. If a person unlawfully places such obstruction in the public streets and the town authorities permit it to remain there an unreasonable length of time, both fall within the rule as to joint tort-feasors, and are jointly and severally liable to the traveller for an injury resulting therefrom without fault on his part. He may have his remedy against either, and the question of primary and secondary liability is for them to adjust between themselves.

3. In determining what is proximate cause, the rule is that the injury must be the natural and probable consequence of the negligence. When two causes combine to produce an injury, the one being a culpable defect in the street, and the other some other occurrence for which neither party is responsible, *e grege,* the running away of a frightened horse, the municipality is liable, provided the injury would not have been sustained but for such defect.

4. Evidence that the obstruction has been since removed, while incompetent to prove the *character* of the obstruction, is admissible to show that it was unnecessary.

CIVIL ACTION to recover damages for personal injury in consequence of a collision with an obstruction in a public street in Raleigh, tried before *Bryan, J.,* at October Term, 1898, of WAKE Superior Court.

His Honor charged the jury that if they believed the evi-

dence, the plaintiff was entitled to recover from the defendant, the City of Raleigh.    Defendant excepted.

Verdict and judgment for plaintiff.    Defendant appealed.

The nature of the obstruction and the circumstances of the cases are fully stated in the opinion of the Chief Justice.

*Messrs. Perrin Busbee and Douglass & Simms,* for defendant (appellant).

*Messrs. Argo & Snow,* for plaintiff.

FAIRCLOTH, C. J.    This action is based on the alleged omission of duty on the part of the defendant in failing to keep its streets in repair and removing obstructions therefrom, in consequence of which the plaintiff sustained personal injuries.    There is practically no disagreement as to the facts.

Many years ago the city was duly organized as a municipal corporation, with proper municipal officers, and it was laid out in squares and streets, and has so continued to the present time.    One of its principal streets leads from the capitol building southward to the corporate limits, and there connects with a public county road, along which street and road the public were accustomed to travel, and on which street the injury occurred.

By its charter (Acts 1848-9, chapter 82) the North Carolina Railroad was permitted to enter the corporate limits of defendant city and to cross its streets, and it did cross said street about fifteen feet above the level of the street.    The railroad runs diagonally across the street, and its stringers are supported by four sets of upright posts, or benches, standing in the street.    These benches are ten or twelve feet long and about twelve feet apart.    They stand at right angles with the railroad stringers and form an acute angle of forty-five degrees with the direct course of the street.

The existence and presence of these upright benches in the street were known to the municipal authorities of the city at and before the date of the injury alleged in the complaint.

In Jauary, 1896, the plaintiff, with another lady, was driving a gentle horse along said street in the direction of the railroad crossing, when suddenly the horse became frightened, without any known cause, and dashed through said benches, and the buggy struck the far-off corner of one of them, and the injury complained of was the result.

The issues submitted were: 1. "Was the plaintiff injured through the negligence of defendant?" Ans. "Yes." 2. "What damage, if any, is the plaintff entitled to recover?" Ans. "$3,000."

The defendant caused the railroad company to be made a party defendant and filed a "cross complaint," under section 424 of The Code, against said railroad company, to which a demurrer was filed and the cross-complaint was dismissed, alleging that said road was *primarily* liable for any injury sustained by the plaintiff. While we do not propose to discuss the liability or non-liability of the railroad company, we see no error in the cross-complaint.

In the charter of said railroad company, allowing it to pass through the city limits and cross its streets, section 26 provides "that the said company (railroad) shall not obstruct any public road without constructing another equally as good and as convenient," etc.

The main question presented to this Court is, "Is the city defendant liable in damages to the plaintiff for alleged injury?" In some jurisdictions liability in such cases is implied at common law, but in many of the different States, perhaps in all, we find the matter regulated by special or general statutory provisions. In our State, The Code, section 3803, enacts that the commissioners of towns and cities

"shall provide for keeping in proper repair the streets and bridges in the town, in the manner and to the extent they may deem best," etc. And section 3802 says, "they may pass laws for abating or preventing nuisances of any kind, and for preserving the health of the citizens." The duty and power of the municipality thus appear to be ample and complete. If any person shall unlawfully erect an obstruction or nuisance in the streets of a city, and the town authorities shall permit it to remain an unreasonable length of time, the town and the tort-feasor are jointly and severally liable to the traveller for an injury resulting therefrom, without any fault on his part. The question of primary and secondary liability is for the offending parties to adjust between themselves. The injured party shall have his remedy against either, as they fall under the rule as to joint tort-feasors. Burwell on Personal Injuries, section 190.

The evidence that the benches had since been removed was incompetent to prove the *character* of the obstruction, but was admissible to show that the obstruction was unnecessary. It was in evidence that travellers could, and did, pass through the bridge safely, when driving a gentle horse, by changing their course to conform to the diagonal direction of the benches. No contributory negligence on the part of the plaintiff is found, nor is there any evidence to support such an issue. The cause of the horse's becoming frightened is unknown. It was gentle and road-worthy, and we can not, without some proof, impute carelessness in the driver under such circumstances. The plaintiff evidently lost control of the horse in its flight.

The defendant contends that, as the injury was the result of at least two causes, *i. e.* the running of the horse and the presence of the benches in the street, the *proximate* cause can not be ascertained, and therefore the plaintiff can not

recover. This is a question of some difficulty, and we believe it has never been passed on by this Court. It has, however, been considered frequently in other jurisdictions. It seems to be settled by authority and reason that when both parties have been equally negligent, the plaintiff can not recover unless in cases of continuing negligence. It is still more complicated when the parties have been negligent in different degrees. When it appears that the defendant has been negligent and the plaintiff has not, the plaintiff may recover, although the injury is produced by the concurrent acts of both parties. It is the duty of corporate authorities to remove dangerous and unnecessary obstructions from the streets, and "in determining what is proximate cause, the rule is that the injury must be the natural and probable consequence of the negligence—such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *West Mahoney v. Watson,* 112 Pa., 574.

When two causes combine to produce an injury to a traveller on a highway, both of which are in their nature proximate—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided the injury would not have been sustained but for such defect. *Ring v. Cohoes,* 77 N. Y., 83.

The town can not be exonerated because other causes cooperate with the obstruction or defect, for, under such a rule it never would be liable. The true principle is that the wrongdoer, either by commission or omission, must be held responsible.

In *Bunch v. Town of Edenton,* 90 N. C., 431, the duties and liabilities of town and cities were discussed by MERRIMON, J. The case was that an adjoining lot owner made

an excavation to the line of the sidewalk, and that a footman, walking on the sidewalk at night, fell into the excavation and was injured, without any undue care on his part. The excavation was known to the defendant, and there was no railing or guard on the line of the excavation. The Court held the defendant liable, and that the negligence of the lot owner, if any, was no defence for the town. On the same subject, see *Russell v. Town of Monroe,* 116 N. C., 720. Upon this view of the case it seems unnecessary to express any opinion on the numerous exceptions made, and we see no error in the record.

Affirmed.