CAVARNOS-WRIGHT COMPANY v. BLYTHE BROTHERS COMPANY, A. H. GUION & COMPANY, CITY OF HIGH POINT, AND SOUTHERN RAILWAY COMPANY.

(Filed 22 May, 1940.)

1. **Principal and Surety § 7—Codefendant of contractor is not entitled to joinder of surety on contractor's bond for public construction in action by third person to recover for alleged negligent injury.**

A city, the State Highway and Public Works Commission, and a railroad company entered into a contract for the elimination of a grade crossing. The city and the commission each employed a contractor to do the work required of it, respectively, under the agreement. Plaintiff instituted this action against the city, the railroad company and both contractors to recover damages to his property resulting from alleged negligence in the performance of the work on the project. Defendant city moved that the State Highway Commission and the surety on the bond of its contractor be made parties defendant, claiming that its liability, if any, is secondary, and the liability of the commission's contractor is primary. The relevant provisions of the contractor's bond was that the commission should be saved harmless from any liability for negligent injury inflicted in the performance of the work. *Held:* The injured party may not hold the surety liable in damages, and defendant city has even less right to hold the surety liable, since it must first establish that its negligence is secondary and the negligence of the commission's contractor primary before it has a claim even against the contractor, and the city's motion that the surety be made a party defendant was properly denied, and moreover, ch. 260, Public Laws of 1925, prescribes the procedure and provides that only one action may be instituted on the bond for public construction.

2. **Appearance § 2b—**

Upon the hearing of a motion for the joinder of an additional party defendant, whether the appearance of such party for the purpose of resisting the motion is a general or special appearance is immaterial when the court refuses the motion and thereby takes such party out of court.

APPEAL by defendant city of High Point from *Olive, Special Judge,* at November Term, 1939, of GUILFORD. Affirmed.

Motion in the cause by the defendant city of High Point for an order making the United States Casualty Company of New York, contract surety of the defendant A. H. Guion & Company, a party defendant.

The city of High Point, the Southern Railway Company and the North Carolina State Highway and Public Works Commission entered into a contract or a series of contracts contemplating the elimination of the grade crossing of the Southern Railway Company at Main Street in the city of High Point. Pursuant thereto the city of High Point employed the defendant Blythe Brothers Company to do all the excavating

in connection with said project and the North Carolina State Highway and Public Works Commission contracted with A. H. Guion & Company to do all the work imposed upon it under such agreements.

The plaintiff alleges that in the performance of the work, particularly the excavation in connection with the completion of the project, the defendants were negligent and careless in the manner in which such work was done; that as a result thereof cave-ins of the embankment occurred and the water main of the defendant city was disrupted, causing a large amount of water to flow therefrom; and that as a result thereof the building occupied by it as a lessee was undermined and rendered useless and its business was destroyed and that the value of the personal property used in connection therewith was materially reduced. It seeks to recover damages caused by such negligent conduct.

The defendant city of High Point, after due notice, appeared and moved the court for an order making the United States Casualty Company of New York, surety for the defendant A. H. Guion & Company, and the North Carolina State Highway and Public Works Commission parties defendant. In response to the notice served the United States Casualty Company of New York entered its special appearance for the purpose of resisting the motion.

When the motion came on to be heard the court below concluded "that neither the United States Casualty Company of New York nor the North Carolina State Highway and Public Works Commission are necessary or proper parties to a final adjudication of the rights of the parties interested in this action." It thereupon entered an order denying the motion as to the United States Casualty Company of New York. The defendant city of High Point excepted and appealed.

*G. H. Jones for defendant city of High Point, appellant.*

*Frazier & Frazier and R. G. Cherry for respondent United States Casualty Company of New York, appellee.*

BARNHILL, J. The conditions of the contractor's bond of the defendant A. H. Guion & Company, upon which the United States Casualty Company of New York is surety, executed and delivered to the State Highway and Public Works Commission, are identically the same as those contained in the bond under consideration in *Lumber Co. v. Lawson,* 195 N. C., 840. There the contractor's surety was made an original party defendant by the plaintiff, whose action was based upon allegations of negligence of the contractor. The bonding company demurred. The order of the judge overruling the demurrer was reversed by this Court.

As the questions here presented are fully discussed and decided in the opinion in that case, which cites numerous authorities in support of the conclusion there reached, it is needless for us to again undertake to review the law or to extend the discussion.

It may be noted that the plaintiff in that action, which originally made the bonding company a party defendant, was the party injured and damaged by the alleged negligence of the contractor. Although it had stated a cause of action for damages caused by the negligent conduct of the contractor, it was held that as to the bonding company no cause of action was stated. Here the defendant is not the party injured. It denies liability and asserts that if it is liable then the contractor is primarily liable and it is secondarily liable. Thus, it appears that the appealing defendant does not now have and will not have, in any event, any claim against the contractor until and unless liability is established and the issue as to primary and secondary liability is answered in favor of the appellant. Surely its rights are no greater than were those of the plaintiff in the *Lawson case, supra.* Furthermore, the statute expressly provides that in no event shall more than one action be instituted against the bonding company, ch. 260, Public Laws 1925, and the procedure is expressly provided.

The appellant insists that the appearance of the bonding company was in fact general and not special. This is immaterial. The court below declined to make the bonding company a party defendant. If, by a general appearance, it came into court, it went out under the order of the court from which the appellant appeals.

The judgment of the court below is affirmed on authority of *Lumber Co. v. Lawson, supra,* and cases there cited.

Affirmed.