ROBERT ROUSE WILLIAMS v. JOHN R. ELSON.

(Filed 18 September, 1940.)

1. Food § 11—

Allegations to the effect that defendant, through his agents and servants, prepared food for sale to the general public and warranted same to be fresh and to contain no deleterious, poisonous or harmful substances, that plaintiff was damaged by reason of the negligence and carelessness of defendant in preparing food containing foreign, poisonous and deleterious substances and offering same for sale in violation of his warranty, *is held* sufficient, liberally construed, to state a cause of action *ex contractu*, for breach of implied warranty that the food was fit for human consumption.

2. **Food § 12—Evidence that plaintiff found glass in food sold by defendant sustains allegation of breach of implied warranty that food was fit for human consumption.**

Evidence tending to show that plaintiff purchased a barbecue sandwich at defendant's store, that the sandwich was wrapped up by someone in the store and was taken by plaintiff on a hunting trip, that plaintiff started eating lunch some hours later, and after eating part of the sandwich, bit down on some foreign substance which cut his gums and tongue, that plaintiff ascertained that the foreign substance was glass, that he took the remaining part of the sandwich containing particles of glass back to defendant's store and showed it to defendant, that thereafter while going to his home in his car, his dog ate the remainder of the sandwich and became sick, and that plaintiff suffered both in body and mind as a result of having eaten a part of the sandwich containing glass, *is held* sufficient to support plaintiff's cause of action for breach of warranty, and defendant's motion for judgment as of nonsuit should have been denied.

3. **Food § 11—**

A person preparing and selling food to the public impliedly warrants that it is fit for human consumption at least.

4. **Same—Whether person preparing food for immediate consumption on premises may be held liable for breach of warranty held not presented for decision.**

Where it does not clearly appear from the evidence that the sandwich purchased by plaintiff from defendant's drug store was for immediate consumption on the premises, nor that defendant made or prepared the sandwich, the evidence does not show the basis for the rule followed in some jurisdictions and invoked by defendant that an innkeeper or a person preparing food for the immediate consumption on the premises can be held liable only for negligence and not for breach of warranty, and whether this jurisdiction will follow that rule need not be decided.

APPEAL by plaintiff from *Johnston, Special Judge,* at December Term, 1939, of BUNCOMBE.

*Ford & Lee for plaintiff, appellant.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

SCHENCK, J. This is an action to recover damages for injury which the plaintiff alleges he sustained by reason of a foreign substance, glass, contained in a barbecued beef sandwich sold by the defendant to him for his consumption. The complaint is based both upon negligence and upon breach of warranty. When the plaintiff had introduced his evidence and rested his case, the court sustained the defendant's motion for judgment as in case of nonsuit, and entered judgment accordingly. The plaintiff appealed, assigning as error the action of the court.

In so far as the alleged cause of action in tort, negligence, is concerned, we are of the opinion that the motion for judgment as in case

Williams v. Elson.

of nonsuit was properly allowed. This is virtually conceded in the appellant's brief.

As to the alleged cause of action in contract, a breach of warranty, we will first consider the complaint. Paragraph VII thereof is as follows: "That, as this plaintiff is advised, informed and believes, the defendant, by and through his servants, agents and employees, prepared, compounded and manufactured sandwiches, pies and other food, and offered for sale and sold to the general public such foods at its stores to be consumed by such customers, and *warranted* said articles so sold for human consumption to be fresh and to contain no deleterious, poisonous or other substances injurious to the life or health of persons who might purchase the same." And paragraph XI thereof is in part as follows: "That by reason of the negligence and carelessness of the defendant in compounding and manufacturing foods containing such foreign, poisonous and deleterious substances, and offering to sell and selling impure, deleterious and unwholesome food to the plaintiff in violation of its *warranty* and in violation of the law, the plaintiff has been greatly injured and damaged in that he has been rendered physically unable to do any work since consuming said food . . ." When liberally construed, we are of the opinion that an action for a breach of warranty has been alleged.

The evidence tends to show that on 13 December, 1938, the plaintiff went to the drug store of defendant near Enka and purchased a barbecued beef sandwich which was delivered to him wrapped up by someone from the store; that the plaintiff took the sandwich with him and hunted for about three hours, and then drove to Wilson's store in Canton for shells, and while there started to eat his lunch; he unwrapped the sandwich and took four bites thereof without untoward incident, but when the fifth bite was taken he "bit down on something hard," which "cut my tongue and gums," that he "spit it out of my mouth and discovered that it was a piece of glass; it was about the size of my little finger nail;" the plaintiff then took the remainder of the sandwich to the defendant's drug store and showed it and the piece of glass to the defendant; while on his way back to defendant's drug store the plaintiff felt with his fingers other glass in the remaining portion of the sandwich; after showing the sandwich to defendant the plaintiff took it back to his car and drove home; and that his dog ate the remainder of the sandwich in the car. When plaintiff got home he called his family physician who prescribed for him, that he suffered in both body and mind as a result of having eaten a part of the sandwich containing glass; that his dog became sick.

We are of the opinion, and so hold, that under authority of *Rabb v. Covington,* 215 N. C., 572, there was error in sustaining the motion for

judgment as in case of nonsuit. The allegation of a breach of warranty is sufficient, and the evidence when construed most favorably to the plaintiff is sufficient to support the allegation. When the defendant sold the sandwich to the plaintiff there was at least an implied warranty that it was fit for the purpose for which it was sold, namely, for human consumption, *Ward v. Sea Food Co.,* 171 N. C., 33, and, nothing else appearing, the finding of glass therein was evidence of a breach of this warranty, and presented an issue for the jury.

The defendant in his brief contends that there is a distinction between *Rabb's case, supra,* and the instant case in that the evidence shows that the sandwich in the instant case was delivered to the plaintiff for immediate consumption at the place of delivery, whereas the sausage in the *Rabb case, supra,* was delivered for future consumption away from the place of sale, and that therefore the instant case is governed by the principle enunciated in some jurisdictions to the effect that food delivered for a consideration for immediate consumption at the place of delivery constitutes a service rendered, rather than a sale, and that the deliverer thereof owes to the consumer only the duty to exercise due care to see that the food delivered is fit for human consumption, and is not bound by any contractual relations growing out of an implied warranty of fitness. *Nisky v. Childs Co.,* 103 N. J., 464, 135 Atl., 805, 50 A. L. R., 227, and annotations thereunder. Such principle being stated in an old case as follows: "An innkeeper   .  .  .   does not sell but utters his provisions." *Parker v. Flint,* 12 Mod., 1303, 88 Eng. Reprint, 1303. With this contention we cannot concur for the reasons, *inter alia,* it does not clearly appear from the evidence that the sandwich delivered to the plaintiff by a person from the drug store of the defendant was for immediate consumption at the place of delivery, nor does it appear from the evidence that the defendant made or prepared the sandwich. Hence, we are not called upon at the present time to determine whether we will agree with the principle enunciated in the *Nisky case, supra,* or adopt the opposite view enunciated by the Courts of New York and Massachusetts. *Temple v. Keeler,* 238 N. Y., 344, 144 N. E., 635, 35 A. L. R., 920, and *Friend v. Childs Dining Hall Co.,* 231 Mass., 65, 120 N. E., 407, 5 A. L. R., 1100.

The judgment of the Superior Court is
Reversed.