DEWEY DAVIS, ADMINISTRATOR OF THE ESTATE OF A. S. DAVIS, DECEASED, v. J. M. RADFORD, DOING BUSINESS AS RADFORD'S DRUG STORE; DR. T. C. SMITH COMPANY AND FOSTER MILBURN COMPANY.

(Filed 7 March, 1951.)

**1. Food § 8—**

A retailer who sells an article for use in connection with food for human consumption *is held* in law to have impliedly warranted that it is wholesome and fit for that purpose.

**2. Food § 4—**

A distributor of an article for use in connection with food for human consumption, which is resold in the original package by the retailer, may be held liable by the consumer for breach of implied warranty that the product is wholesome and fit for human consumption, even though there is no privity of contract between them.

**3. Food § 14—**

Where a retailer has paid a judgment in favor of the consumer for breach of implied warranty that a product, sold in the original container, is wholesome and fit for human consumption, the retailer may recover his loss against the distributor for breach of this warranty.

**4. Food § 17—**

A retailer, sued by a customer for breach of implied warranty that the product, sold in the original package, is wholesome and fit for human consumption, is not required to wait until he has suffered loss before having the wholesaler or distributor joined as codefendant upon allegation that the wholesaler or distributor is primarily liable upon the warranty.

**5. Pleadings § 10—**

Where a retailer of an article, sold in the original package for use in connection with food, is sued for breach of implied warranty that the product is wholesome and fit for human consumption, he may have his distributor joined as a codefendant and file cross-action against the distributor on the ground that the distributor had impliedly warranted to it that the article was fit for human consumption and that the distributor is primarily liable for injury resulting from breach of this warranty, since the cross-action relates to plaintiff's claim and is based upon an adjustment of that claim, and the defendants are entitled to have their ultimate rights as between themselves determined in the one action, G.S. 1-222.

APPEAL by defendant Dr. T. C. Smith Company, from *Rousseau, J.,* December Term, 1950, of BUNCOMBE. Affirmed.

Plaintiff sued defendant Radford, a retail druggist in Asheville, for damages for breach of implied warranty of wholesomeness in the sale to his intestate of an article for human consumption known as "Westsal," which it was alleged contained poisonous ingredients and which caused the injury and death of the intestate.

DAVIS v. RADFORD.

Defendant Radford filed answer in which he denied the sale of the article complained of to plaintiff's intestate, or that there had been a breach of warranty, or that the death of plaintiff's intestate was due to the use of Westsal. However, in his further answer defendant Radford alleged he had purchased the patented bottled product known as Westsal, a salt substitute, from Dr. T. C. Smith Company, wholesale druggists in Asheville handling this product, with implied warranty that it was suitable for human consumption and manufactured and sold in compliance with the laws of the United States and the State of North Carolina, and that said Smith Company was primarily liable for any damages plaintiff might recover from defendant Radford, and prayed that Dr. T. C. Smith Company be made party to the action. Similar allegations were made as to Foster Milburn Company, a New York corporation, manufacturer of Westsal, but no service was had on that corporation, and on motion it was dismissed.

Defendant Dr. T. C. Smith Company, having been by order duly made party defendant and served with summons, demurred to the answer and cross-complaint of defendant Radford, for that it did not state facts sufficient to constitute a cause of action against the demurring defendant in that it was not alleged that defendant Radford had sustained any loss or damage, nor was it alleged that there was any deleterious substance in the package alleged to have been sold by Dr. T. C. Smith Company to defendant Radford, or that there was any breach of implied warranty on the part of the demurring defendant, and that there was a misjoinder of parties and causes of action.

The demurrer was overruled and defendant Smith Company appealed.

*Francis J. Heazel and Harkins, Van Winkle, Walton & Buck for plaintiff, appellee.*

*Smathers & Meekins for defendant, appellant.*

DEVIN, J. The appeal is from a judgment in the court below overruling the demurrer of defendant Dr. T. C. Smith Company to the answer and cross-complaint of defendant Radford. Briefly stated, the pleadings present this picture: Defendant Radford, a retail merchant, having been sued by a customer for breach of the implied warranty of wholesomeness and consequent damage in the sale of an article for human consumption, known as "Westsal," has had Dr. T. C. Smith Company (hereinafter referred to as Smith Company), a wholesale dealer, made party defendant (*Ins. Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879), upon allegations in his answer that defendant Smith Company sold him the article complained of in a sealed package or bottle with implied warranty that it was fit for human consumption and that, if it be adjudicated in this action

that defendant Radford is liable to the plaintiff for breach of warranty, defendant Smith Company is primarily liable therefor, and defendant Radford would be entitled to recover over against defendant Smith Company for the loss sustained, and that all matters affecting both defendants growing out of the same transaction should be settled in one action.

The question here presented is whether a retail dealer when sued by a customer for breach of the implied warranty of wholesomeness in an article sold in sealed package, has the right to bring in the wholesale dealer from whom he purchased, on allegation that the wholesaler impliedly warranted to the retailer that the article was fit for human consumption, and was primarily liable for injury resulting.

It may be noted that the only person whom plaintiff has sued is Radford, though he has offered no objection to the order making Smith Company party defendant. Both the plaintiff's complaint and defendant Radford's cross-complaint are bottomed upon allegations of implied warranty. It is not contended that defendants were joint tort-feasors, or that there was a joint obligation on part of defendants. But it is contended by defendant Radford that sufficient facts are alleged in his answer considered in connection with the complaint to sustain the action of the court in bringing in the wholesale dealer from whom he purchased the product complained of as one primarily liable for any injury resulting from its use for human consumption, and sufficient to survive the demurrer. The only objection offered by Smith Company is by way of demurrer questioning the sufficiency of the allegations in Radford's answer to state a cause of action against it.

A person who sells an article for use in connection with food for human consumption is held in law to have impliedly warranted that it is wholesome and fit for that purpose, and for breach of that warranty proximately resulting in injury may be held liable in damages to the purchaser. *Ward v. Seafood Co.,* 171 N.C. 33, 87 S.E. 958; *Rabb v. Covington,* 215 N.C. 572, 2 S.E. 2d 705; *Williams v. Elson,* 218 N.C. 157, 10 S.E. 2d 668. However, in *Thomason v. Ballard,* 208 N.C. 1, 179 S.E. 30, it was held that for an injury from unwholesome food purchased from a retail merchant the manufacturer could not be held liable for breach of implied warranty but only on proof of negligence, for the reason that there was no contractual relation between the manufacturer and the consumer to which implied warranty with respect to food could attach. *Enloe v. Bottling Co.,* 208 N.C. 305, 180 S.E. 582; *Caudle v. Tobacco Co.,* 220 N.C. 105, 16 S.E. 2d 680. But this rule was somewhat modified in *Simpson v. Oil Co.,* 217 N.C. 542, 8 S.E. 2d 813, where it was said that when an article sold in original package carried a label giving assurance it was suitable for the purpose as an insecticide and harmless to human skin, this would constitute a warranty on the part of manufacturer and

distributor "running with the product into the hands of the consumer for whom it was intended." *Potter v. Supply Co.,* 230 N.C. 1 (7), 51 S.E. 2d 908. In case of sale of goods for human consumption the requirement of privity of contract is not always controlling. 55 C.J. 669.

Under the decision in *Simpson v. Oil Co., supra,* it would seem that the plaintiff here could have maintained an action against Smith Company, the distributor, for the cause set out in his complaint, though he has elected to sue only the retail dealer. Furthermore, the principle has also been established by the decisions of this Court that where the wholesaler has sold to a retail dealer for resale personal property with implied warranty of fitness for the use for which it was purchased and sold, and the retail dealer has sold to a customer with same warranty, and for breach of this warranty been by judgment compelled to pay, the retail dealer may thereafter in turn maintain action against the wholesaler for the entire loss sustained. *Aldridge Motors, Inc., v. Alexander,* 217 N.C. 750, 9 S.E. 2d 469; *Ashford v. Shrader,* 167 N.C. 45, 83 S.E. 29. The rule is stated in Williston on Contracts, sec. 1355, as follows: "Where goods are sold with a warranty to a dealer it must be assumed that the dealer may resell them with a similar warranty to a subpurchaser. Accordingly, if this is done, and the subpurchaser recovers damages from the original buyer, the latter has a *prima facie* right to recover these damages against the seller who originally sold him the goods. And even though the original buyer has not yet been held liable to his vendee the amount of his probable liability may be recovered from the original seller."

In *Stokes v. Edwards,* 230 N.C. 306, 52 S.E. 2d 797, the plaintiffs, retail dealers, purchased from wholesale dealers and manufacturers 14 oil burners for curing tobacco with implied warranty of fitness for that purpose. These burners were sold to plaintiffs' customers with same warranty and proved unfit. Plaintiffs refunded to their customers and sued the wholesalers and manufacturers for the full amount. Recovery was sustained, this Court holding that the original sellers having impliedly warranted that the goods were reasonably fit for the contemplated purpose were liable to the buyers for the damages proximately resulting to them from the breach of the warranty, and *Justice Ervin,* speaking for the Court, added: "This is true even though the seller is not the manufacturer or producer of the goods, and even though the buyer is a dealer who purchases the goods for resale to others for the contemplated use."

So, in the case at bar it would seem to follow logically that if defendant Radford had personally suffered by reason of the breach of Smith Company's warranty, he could have recovered the loss from Smith Company, and if he should suffer loss by reason of recovery of damages against

him by one to whom he sold with same warranty he could recover the entire amount sustained from Smith Company. In other words, where the distributor or wholesale dealer sells to the retail dealer articles in original packages for human consumption with warranty of wholesomeness and the retail dealer sells under the same warranty to a customer, for the injury resulting the retail dealer may properly charge the wholesaler with primary liability for the loss sustained. When sued by the customer under these circumstances may the retail dealer join the wholesaler in the suit upon allegations in the answer of primary liability of the wholesaler in the event of recovery by the customer?

We are of opinion that such a plea is sufficient to survive a demurrer.

The right to maintain cross-actions between defendants who have been sued for a joint tort or on a joint obligation to establish primary liability as between themselves in the event of plaintiff's recovery has been generally upheld. The statute G.S. 1-240 authorizes joinder of a third party as a joint tort-feasor for the purpose of enforcing contribution, but before that statute was enacted (1929), it was settled law that a third party could be brought in on allegation of primary liability. *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Bowman v. Greensboro,* 190 N.C. 611, 130 S.E. 502. "The question of primary and secondary liability is for the offending parties to adjust between themselves." *Dillon v. Raleigh,* 124 N.C. 184 (187), 32 S.E. 548. And the same rule, we think, is applicable where there is allegation in the answer against a codefendant of primary liability for breach of warranty in the sale of products for human consumption.

The right to maintain a cross-action against a codefendant is subject to the rule stated in *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397, that the cross-action must be "founded upon and connected with the subject matter in litigation between the plaintiff and the defendant." It must be in reference to the claim made by the plaintiff and based upon an adjustment of that claim. *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555; *Coulter v. Wilson,* 171 N.C. 537, 88 S.E. 857. The policy of determining in one action all matters connected with the subject of the action common to the several parties has been frequently stated, and the statute G.S. 1-222 contains the provision that the judgment "may determine the ultimate rights of the parties on each side as between themselves."

The question here presented is not without difficulty. There are several cases cited by appellant on this point which require consideration.

In *Winders v. Southerland,* 174 N.C. 235, 93 S.E. 726, the plaintiff having been ousted sued his grantor Southerland for breach of warranty of title and seizin, and joined also Smith who had conveyed to Souther-

land with same warranty. Demurrer for misjoinder was overruled, the Court holding defendants were properly joined. It was said, however, that Southerland could not have sued Smith until he had sustained loss. But it may be noted that if Southerland had been sued on his warranty, he could have called on Smith, his grantor, to defend on the latter's warranty to him. We think the decision in this case is not controlling on the facts in the case at bar.

In *Cavarnos-Wright Co. v. Blythe Bros. Co. and others*, 217 N.C. 583, 8 S.E. 2d 924, the City of High Point having been sued by a property owner for damages caused by excavations incident to constructing a railroad underpass, moved that the State Highway & Public Works Commission and the surety on its contractor's bond be made parties. It appeared that the City had employed Blythe Bros. Co. to do the excavating, and the State Highway & Public Works Commission, for other work it had agreed to do, had employed Guion & Co. as its contractor. Both Blythe Bros. Co. and Guion & Co. were original parties defendant. The motion to make the Surety Company party was denied, and affirmed here on authority of *Lumber Co. v. Lawson*, 195 N.C. 840, 143 S.E. 847, in view of the nature of the bond of a contractor employed by the Highway Commission. It was further stated in the opinion that the City had no claim against the Highway Commission's contractor "until and unless liability is established and issue as to primary and secondary liability be answered in favor of the appellant (City)." The question presented for review in that case was the propriety of the ruling that the surety on the bond of the contractor employed by the Highway Commission was not a necessary or proper party to the action. Guion & Co. was already a party and the right of the City to raise and determine the question of primary and secondary liability between it and Guion & Co. was not doubted, but the surety on Guion & Co.'s bond was not a necessary party to the determination of that question.

In *Board of Education v. Deitrick*, 221 N.C. 38, 18 S.E. 2d 704, plaintiff brought suit to recover damages from the contractor whom it had employed to construct a building, on the ground of fraudulent concealment of defective lumber. The defendant denied the fraud and alleged he had purchased the lumber from a dealer who in turn had fraudulently concealed from him the condition of the lumber, and moved that the dealer be made party defendant. The denial of this motion was affirmed on the ground that there was no privity between plaintiff and the dealer, and that the dealer did not participate in the fraud alleged to have been committed by the defendant, and was in no sense a joint tort-feasor.

*Walker v. Packing Co.*, 220 N.C. 158, 16 S.E. 2d 668, was a suit by dealer-consumer to recover damages for unwholesome lard from the manufacturer-vendor on ground both of negligence and breach of implied

warranty. It was held the evidence was insufficient to sustain a cause of action for negligence, and plaintiff's right to maintain action for breach of warranty was upheld.

In *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555, the plaintiff, a subcontractor, employed by Blackwelder, the principal contractor, sued the owners for labor and materials furnished. Defendants alleged Fisher was the contractor and not Blackwelder, and on their motion Fisher was made party. Fisher demurred for misjoinder, and the demurrer was sustained and the ruling affirmed here. It was said in the opinion by *Justice Barnhill,* "The cross-action defendants seek to set up against Fisher is not germane to, founded upon or necessarily connected with the subject of litigation between plaintiff and defendants. . . ."

It will be observed that the distinction between these cases and the case at bar is that here there is allegation by the retail dealer in his answer that he purchased in sealed containers from the wholesale dealer or distributor articles for human consumption under warranty of wholesomeness, and that he sold to the consumer with same warranty, and that the liability of the wholesale dealer for injury resulting from breach of this warranty was primary. And, further, it may be observed that since the retail dealer Radford, if found liable, could recover the loss from the wholesaler Smith Company, it would appear that Smith Company had such an interest in the litigation between plaintiff and defendant Radford that it would gain or lose as result of the judgment in plaintiff's suit against Radford. *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484; *Griffin & Vose, Inc., v. Minerals Corp.,* 225 N.C. 434, 35 S.E. 2d 247.

For the reasons stated the demurrer on the ground of misjoinder of parties and causes of action was properly overruled.

We conclude that the allegations in the defendant Radford's further answer are sufficient to withstand the demurrer, and the judgment below is

Affirmed.