HENRY L. INGRAM, JR., SUBSTITUTED TRUSTEE v. NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 4 February, 1966.)

**1. Negligence § 9—**

Where the injured party has obtained a joint and several judgment against the joint tort-feasors, the one defendant may not, upon payment of the judgment, recover from the other on grounds of primary and secondary liability until there is an adjudication of the issue of primary and secondary liability in an action in which the other defendant is a party and has an opportunity to defend.

**2. Same; Insurance § 65.1—**

After payment of judgment by one tort-feasor and the assignment of the judgment to a trustee, the trustee brought suit against the insurer of the other tort-feasor, alleging that such tort-feasor's liability was primary. *Held:* Demurrer was properly sustained, since the question of primary and secondary liability could not be adjudicated in an action to which the asserted primarily liable tort-feasor was not a party.

**3. Constitutional Law § 24—**

There can be no adjudication of the rights of a party unless such party is a party to the proceeding in which such liability is determined and is given an opportunity to be heard.

APPEAL by defendant from *Gwyn, J.,* February 8, 1965 Civil Session, RANDOLPH Superior Court.

From a verdict and judgment that the plaintiff recover from the defendant the sum of $10,000.00, the defendant excepted and appealed.

*John Randolph Ingram for plaintiff appellee.*
*Coltrane and Gavin by W. E. Gavin for defendant appellant.*

HIGGINS, J. The facts here involved were stated and the pleadings as originally drawn were analyzed by this Court when the case was here on demurrer at the Fall Term, 1962. The decision sustaining the demurrer, and granting leave to amend, is reported in 258 N.C. 632, 129 S.E. 2d 222. Only a few additional facts, the amended complaint, and the result of the second hearing need be discussed in order to complete the legal picture as the record now presents it.

At no time has there been a court adjudication of an issue of primary and secondary liability as between H. F. Garner and W. C. Garner. In their joint answer to the original suit instituted against both by Reece Trotter, the Garners admitted that the truck involved in the accident was owned by W. C. Garner and was driven at the time of the accident by H. F. Garner. Trotter's judgment for $35,-

000.00 was joint and several against both. The only pleading filed in the original action by the Garners was their joint answer. Neither alleged any cross action or any different degree of liability of one against the other. Both were adjudged jointly and severally liable to Trotter.

By the action as originally brought, the assignee of W. C. Garner sought to recover from the insurer of H. F. Garner the sum of $10,000.00 upon the ground that W. C. Garner, though secondarily liable to Trotter, had paid the sum of $10,000.00 to Trotter and that W. C. Garner was entitled to reimbursement because H. F. Garner was primarily liable.

Justice Moore's opinion sustained the demurrer to the original complaint upon this ground: "It does not appear from the complaint that it has been judicially established that W. C. Garner is entitled to indemnity from H. F. Garner. The policy issued by Nationwide provides that 'No action shall lie against the Company unless, as a condition precedent thereto, . . . the amount of the insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the insured, the claimant and the Company.' . . . The question of primary and secondary liability is for the offending parties to adjust between themselves. . . . The complaint in the present action is defective in that it does not allege, as a condition precedent to the right to maintain the action; that the right to indemnity has been determined according to the provisions of the policy."

By proper allegations and issues the Garners could have had determined in Trotter's action the question of their primary and secondary liability. *Davis v. Radford*, 233 N.C. 283, 63 S.E. 2d 822. This they did not do. Or, after paying the judgment to Trotter, W. C. Garner could have brought suit against H. F. Garner, alleging payment of the debt for which the latter was primarily liable, and recover judgment for the amount paid. After recovering judgment, W. C. Garner, or his assignee, could have required H. F. Garner's insured, Nationwide, to discharge the insured's liability.

Justice Moore's opinion is the law of the case to this extent: The complaint in a cause of action by W. C. Garner or his trustee against Nationwide must allege the issue of H. F. Garner's liability to W. C. Garner has been settled by judgment after trial, or that liability has been stipulated in writing, signed by the claimant, by H. F. Garner, and by Nationwide. There is no claim that Nationwide has signed any written agreement. Hence the trustee must allege the issue of H. F. Garner's primary liability has been settled by a judgment after trial.

The amended complaint contains the following which is a summary of its other allegations: "VII.   According to the above mentioned Complaint, Answer, Stipulation (that W. C. Garner owned the truck driven by H. F. Garner) and the Trial, the liability of W. C. Garner was secondary and that of H. F. Garner, primary." The amended complaint alleges H. F. Garner's liability *is* primary. That allegation is not enough. The amended complaint must allege H. F. Garner's primary liability has been judicially determined after trial. Before H. F. Garner is adjudged to be liable to W. C. Garner by reason of the latter's payment to Trotter, H. F. Garner must be a party and must be given an opportunity to be heard. No such hearing or opportunity to be heard is alleged. A party ". . . is entitled to a day in court, and it is but just that he should have an opportunity to defend the suit . . . in order to defeat a recovery, or to reduce the amount for which he must answer over, by setting up his defense in his own way and through his own counsel." *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859.

In the trial before Judge Gwyn, H. F. Garner was not a party. His liability to W. C. Garner could not be adjudicated. In this action by the assignee of W. C. Garner against H. F. Garner's insurer the amended complaint is no improvement over the original.

In the trial before Judge Gwyn the court should have entered judgment sustaining the defendant's demurrer on the second ground stated therein. The judgment overruling the demurrer is

Reversed.