SHARON E. ANDERSON BY HER NEXT FRIEND, EMERY ANDERSON, v.
RAWLEIGH W. ROBINSON, D/B/A, ROBINSON BROTHERS MOTOR
COMPANY AND JAMES A. JENKINS

No. 68SC167

(Filed 14 August 1968)

**Negligence § 25; Torts § 3; Pleadings § 14— action in tort — rights
inter se of defendants — cross-action for indemnity**

Where plaintiff, seeking recovery for negligent injury from two defend-
ants, alleges that each defendant committed an active tort and that their
liability is joint and concurring, neither defendant is entitled to main-
tain a cross-action against the other for indemnity arising out of the
breach of an express or implied warranty.

APPEAL from *McLean, J.,* 4 March 1968, Civil Non-Jury Ses-
sion, Superior Court of BUNCOMBE County.

This is an appeal by the defendant Jenkins from an order entered
7 March 1968 by Judge McLean sustaining the motion of the de-
fendant Robinson to strike the second further answer and defense
and cross-action of the defendant Jenkins.

*Van Winkle, Buck, Wall, Starnes and Hyde by O. E. Starnes,
Jr., Attorneys for defendant Rawleigh D. Robinson, D/B/A Robin-
son Brothers Motor Company, appellee.*

*Williams, Williams & Morris by James F. Blue, III, Attorneys
for defendant James A. Jenkins, appellant.*

CAMPBELL, J.

The plaintiff in her complaint alleges that she is an eighteen year
old girl and was riding as a guest passenger in a 1962 model Chev-
rolet automobile operated by the defendant Jenkins about 3:00 p.m.,
19 July 1966, in a southerly direction on Dockery Road in Bun-
combe County. Dockery Road terminates at its intersection with
Rural Paved Road No. 1003 which runs in an easterly and westerly
direction. She alleges that Jenkins intended to turn left and proceed
in an easterly direction on Rural Paved Road No. 1003, but due to
the speed at which he was operating the Chevrolet, he was unable
to make the turn and lost control of the Chevrolet, causing it to go
off the highway and overturn in a field, thereby causing injuries to
the plaintiff. The plaintiff alleges negligence on the part of the de-
fendant Robinson in that, among other things, he sold said Chevrolet
to Jenkins on 19 July 1966 shortly before the upset, when he knew
or by the exercise of reasonable care should have known that the
brakes on said Chevrolet were inadequate and defective. The plain-

tiff alleges that the defendant Jenkins was negligent in that he had failed to inspect the mechanical condition of said Chevrolet automobile and particularly the brakes thereof when he knew that same had not been inspected prior to his purchase of the vehicle and he drove same upon the highway with inadequate brakes; that he drove said automobile at a speed that was greater than was reasonable and prudent under the conditions then existing and failed to decrease the speed when approaching and attempting to negotiate a turn at an intersection; that he did not maintain a reasonable and adequate lookout and did not exercise due care to maintain reasonable and adequate control of said vehicle. The plaintiff seeks damages for personal injuries received by her as a result of the joint and concurring negligence of both defendants.

The defendant Robinson denies negligence and sets up a further defense that, if there was a brake failure, it was a sudden and unexpected mechanical failure and not due to any negligent acts or omissions by him.

The defendant Jenkins denied negligence and in a first further answer and defense pleads an unavoidable accident and an unavoidable and unexpected brake failure.

The defendant Jenkins in a second further answer and defense and by way of a cross-action against the co-defendant Robinson sets out that he had purchased the vehicle on the same day from the defendant Robinson and at the time of purchase the defendant Robinson "represented and warranted said motor vehicle, both expressly and impliedly to be free of mechanical defects and in good mechanical condition and it was upon said express and implied representations and warranties that this defendant purchased said automobile." He further sets forth that the warranties and representations made by the defendant Robinson were false and fraudulent and that the defendant knew or should have known of the defective condition of the automobile and that the accident resulted solely and exclusively from the acts and conduct of the defendant Robinson. The defendant Jenkins seeks "complete and full indemnification therefor by reason of the representations and warranties hereinabove set forth and by reason of the primary negligence" of the defendant Robinson.

The defendant Robinson on 21 September 1967 filed a motion to strike all of the second further answer and defense and cross-action of the defendant Jenkins. This motion was sustained by Judge McLean and by order of 7 March 1968 the second further answer and cross-action of the defendant Jenkins was ordered stricken.

The defendant Jenkins asserts that he has the right to maintain

a cross-action against the defendant Robinson to establish primary liability as between them.

In support of this position, the defendant Jenkins relies upon the following cases: *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070; *Davis v. Radford,* 233 N.C. 283, 63 S.E. 2d 822; *Ingram v. Insurance Co.,* 258 N.C. 632, 129 S.E. 2d 222, and the same case on its second hearing in 266 N.C. 404, 146 S.E. 2d 509.

These cases do not support the position of the defendant Jenkins.

The *Guthrie* and *Gregg* cases, both decided by a divided court and both decided before the enactment of the joint tort-feasor statute in North Carolina, fall within a well recognized exception where both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury. In both of those cases, as pointed out, the individual defendant was a positive tort-feasor and the efficient cause of the injury complained of; whereas, the other party, a municipal corporation, was liable for a negative tort of neglect after notice. This line of cases is completely distinct and separate from the type of case involved here.

The instant case does not fall within one of the exceptions to the rule; the plaintiff has alleged that each defendant here is a tort-feasor whose negligence was a positive tort.

The *Davis v. Radford* case, *supra,* was a case involving implied warranty and not tort. In the opinion, it is stated:

> "Both the plaintiff's complaint and defendant Radford's cross-complaint are bottomed upon allegations of implied warranty. It is not contended that defendants were joint tort-feasors, or that there was a joint obligation on part of defendants."

It is, thus, very clear that this case will not support the position of the defendant Jenkins.

*Ingram v. Insurance Company, supra,* falls within the second of the exceptions referred to in *Guthrie v. Durham, supra,* and is in that line of cases "(w)here the party claiming indemnity has not been guilty of any fault, except technically or constructively, as where an innocent master is held to respond for the tort of his servant acting within the scope of his employment * * *." This line of cases is within the line of cases where recovery from the master or principal depends on *respondeat superior* and not on active tort by the principal.

In the instant case, as pointed out above, the plaintiff is seeking recovery from both defendants as joint tort-feasors, each having committed an active tort and each being responsible equally therefor. In such case where both tort-feasors have been sued, they cannot file cross-actions against each other.

This case is clearly within the doctrine and holding of *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82, where all of the various views are clearly set forth in a decision by a divided court with Justice Moore writing the majority opinion concurred in by Chief Justice Winborne, Justices Denny (later Chief Justice) and Higgins. The dissenting opinion was written by Justice Bobbitt and concurred in by Justices Parker (now Chief Justice), and Rodman. We can add nothing to what has been said in *Greene v. Laboratories* where the subject is covered in complete detail.

Affirmed.

BRITT and MORRIS, JJ., concur.