PERNELL R. MANN v. VIRGINIA DARE TRANSPORTATION COMPANY, INCORPORATED, AND CAROLINA COACH COMPANY AND SALLIE BAUM TILLETT v. VIRGINIA DARE TRANSPORTATION COMPANY, INCORPORATED, AND CAROLINA COACH COMPANY

No. 721SC656

(Filed 17 January 1973)

1. Negligence § 11— contribution and indemnity

The rights of contribution and indemnity are mutually exclusive since the former assumes joint fault and the latter only derivative fault.

2. Negligence § 11— indemnity — joint tort-feasors

There can be no indemnity among joint tort-feasors when both are actively negligent.

3. Bailment § 5—liability of bailor for injuries

A bailor for hire of a motor vehicle has the duty to see that the vehicle is in good condition, and although he is not an insurer, he is liable for injury to the bailee or to third persons proximately resulting from a defective condition of the vehicle of which he has knowledge or which by the exercise of reasonable care and inspection he could have discovered.

4. Carriers § 19— defective steering mechanism of bus — negligence of bailor — insufficiency of evidence

The evidence was insufficient to support a finding that defendant bus company was negligent in delivering to its codefendant a bus with a defective steering mechanism in that nuts on two bolts in the mechanism had been tightened to a point beyond the torque so that the threads in the nuts were stripped where there was no evidence that defendant had actual knowledge of any defect in the steering mechanism, and there was no evidence that the steering mechanism had given any difficulty or that the torque of the nuts on the bolts had been altered while the bus was owned or in the possession of defendant.

Judge VAUGHN dissents.

APPEAL by defendant, Virginia Dare Transportation Company, Incorporated, from Tillery, Judge, 10 April 1972 Session of Superior Court held in DARE County.

These are civil actions wherein plaintiffs, Pernell R. Mann and Sallie Baum Tillett, seek to recover damages for personal injuries allegedly resulting from the joint and concurring negligence of the defendant, Carolina Coach Company (Carolina) and Virginia Dare Transportation Company, Incorporated (Vir-

ginia Dare) in the maintenance and operation of a passenger bus. Both defendants filed answers denying negligence and Virginia Dare filed a cross-claim in the alternative against Carolina for indemnity or contribution. Evidence adduced at trial tended to show that on 17 September 1968 plaintiffs were passengers on a 1959 GMC bus traveling north on Highway 34 between Manteo and Norfolk, Virginia. The bus was leased by Carolina to Virginia Dare and at the time of the accident was being operated by Robert L. Gibbs, an agent and employee of Virginia Dare. After leaving Coinjock, Gibbs stopped the bus at a service station in Barco where he purchased "a soda and a cake." Plaintiff Mann testified, "after he got through drinking the soda he taken the soda bottle like he was going to throw it out the window and—and the bus ran off the road." Robert L. Gibbs, driver of the bus, stated that after the bus left the paved surface of the road, "it went down the ditch way, approximately 200 feet and hit a culvert, and as it hit the culvert it went completely out of control and went about 200 more feet."

The accident occurred approximately 4½ miles south of the Currituck Courthouse on Highway 34 on a slight left curve in the road. The road was smooth and paved with asphalt. The day was clear, the highway was dry, and the shoulder of the road was also dry and level. B. G. Price, of the North Carolina Highway Patrol, investigated the accident and found that the bus was "sitting partially in the ditch and the front end of it sorta straddled the shoulder of the ditch, the back end was sorta down in the ditch, and the front end was up on the side of the ditch, out of the ditch." Trooper Price also testified that: "This vehicle was damaged on the right front and on the right side, and the windshield was broken out. I went inside the bus. I worked the steering wheel of the bus back and forth and you could turn it all the way around. * * * I turned it almost all the way around, a circle. It did not turn the front wheels of the bus." There were markings leading from the curve which "went off the highway and gradually went to the ditch." Trooper Price stated: "Didn't appear to be any sudden veering to either the right or the left. Looked like it eased off the highway and gradually went to the ditch. . . ."

At the close of plaintiffs' evidence, the motion of Carolina for a directed verdict as to plaintiffs' claims was allowed and the motion of Virginia Dare for a directed verdict as to plaintiffs' claims was denied; whereupon, Virginia Dare offered evi-

dence tending to show that on 15 February 1955, Carolina and Virginia Dare entered into an agreement whereby Carolina would lease buses to Virginia Dare, "said buses to be complete with tires, gas, and oil, or diesel fuel, and complete maintenance including repairs for mechanical road failure." Virginia Dare, under the lease agreement, provided its own drivers and had "full and complete control and direction over its drivers."

Gibbs received delivery of the bus in Norfolk, Virginia, at 6:00 a.m., 17 September 1968 and drove from Norfolk 113 miles to Manteo, arriving at 9:10 a.m. Gibbs testified: "On the trip from the Carolina Coach Company garage in Norfolk, Virginia, to Manteo, North Carolina, I did not have any difficulty or notice any difficulty about the bus or in the operation thereof." Gibbs departed on the return trip to Norfolk at 11:30 a.m. and stated: "As I approached the curve to the left I made my turn as usual with the steering wheel and the wheels would not answer to the steering wheel, and I went off the road, and I kept on turning the wheel to the left but the wheels would not answer to the steering wheel." Gibbs specifically denied the purchase and consumption of a beverage or cake from or after Barco and stated that had the front wheels of the bus responded to the turning of the steering wheel, nothing would have prevented him from keeping the bus on the paved surface of the highway. Another employee of Virginia Dare who arrived at the scene of the accident approximately seven or eight minutes after it happened testified "the front wheels did not turn with the steering wheel."

John C. Jeffries, "an expert mechanic and damage analyst of damage to mechanical devices," testified that on 11 October 1968 he examined the bus involved in the accident. He described the integral role which two square steel flanges play in the steering mechanism of the bus and stated that "[t]he flanges were located to the rear and back, and above the bottom, and below the top of the steel box girder . . . . At the time of my examination, I did not observe any damage to the box girder." Two bolts which came from the "booster flange" were examined by Jeffries, the threads of each bolt being intertwined with small steel rings that were not part of the bolt itself. Jeffries stated: "The intertwined steel rings in the threads of the bolt, in my opinion, were the threads from the nuts that had been on the bolts at one time."

Mann v. Transportation Co. and Tillett v. Transportation Co.

At the close of Virginia Dare's evidence, Carolina's motion for directed verdict as to Virginia Dare's cross-claim for indemnity and contribution was allowed. Virginia Dare's motion for directed verdict as to plaintiffs' claims was denied.

Issues of negligence and damage were submitted to and answered by the jury in favor of plaintiffs against Virginia Dare.

From judgments on the verdicts as to plaintiffs' claims, Virginia Dare appealed and from a judgment directing a verdict in favor of Carolina as to Virginia Dare's cross-claim, Virginia Dare appealed.

*No counsel contra for plaintiff appellees.*

*J. Kenyon Wilson, Jr., and White, Hall & Mullen by Gerald F. White and John H. Hall, Jr., for defendant appellant, Virginia Dare Transportation Company, Incorporated.*

*James, Speight, Watson and Brewer by W. W. Speight and William C. Brewer, Jr., and Allen, Steed and Pullen by Arch T. Allen III for defendant appellee, Carolina Coach Company.*

HEDRICK, Judge.

With respect to the appeal from the judgments in favor of plaintiffs, Virginia Dare states in its brief:

> "It will be observed that defendant Virginia Dare has not carried forward and discussed in its Brief Assignments of Error Nos. 1, 12, 13, 14, 15 and 16, all relating to the verdict and judgment rendered for plaintiffs, defendant Virginia Dare's complaint on this appeal being that it made out a prima facie showing of liability against defendant Carolina Coach on the plea of indemnity and the plea for contribution . . . ."

Virginia Dare has not brought forward and argued any exceptions relating to plaintiffs' judgments against it. Nevertheless, we have examined the face of the record proper which supports the judgments.

The cross-claim of defendant Virginia Dare against defendant Carolina is permitted by G.S. 1A-1, Rule 13 (g) of the Rules of Civil Procedure effective 1 January 1970. Compare *Greene v.*

*Laboratories, Inc.,* 254 N.C. 680, 120 S.E. 2d 82 (1961) and *Anderson v. Robinson,* 2 N.C. App. 191, 162 S.E. 2d 700 (1968), affirmed 275 N.C. 132, 165 S.E. 2d 502 (1969).

[1, 2] Virginia Dare's exceptions present the question of whether the evidence, when considered in the light most favorable to it, was sufficient to require submission of the case to the jury as to its cross-claims against Carolina for indemnity or contribution. The rights of contribution and indemnity are mutually exclusive since the former assumes joint fault and the latter only derivative fault. *Edwards v. Hamill,* 262 N.C. 528, 138 S.E. 2d 151 (1964) ; 6 Strong, N. C. Index 2d, Negligence, § 11, p. 29. "There can be no indemnity among joint *tort-feasors* when both are actively negligent." *Greene v. Laboratories, Inc.,* 254 N.C. at 691, 120 S.E. 2d at 89. "It is a well settled rule of law that there can be no indemnity among mere joint tort-feasors. But this rule does not apply to a party seeking indemnity who did not participate in the negligent act, but is liable only by reason of a duty or liability imposed by law, or where the parties are not *in pari delicto* as to each other." *Newsome v. Surratt,* 237 N.C. 297, 300, 74 S.E. 2d 732, 734 (1953).

As to this case, the jury's verdicts and the judgments entered thereon establish conclusively that Virginia Dare did "participate in the negligent act" which was one of the proximate causes of the bus accident and plaintiffs' injuries. Therefore, no further consideration need be given appellant's cross-claim for indemnity. However, the verdicts and judgments do not preclude further consideration of appellant's cross-claim for contribution. *Pearsall v. Power Co.,* 258 N.C. 639, 129 S.E. 2d 217 (1963).

Virginia Dare's cross-claim for contribution against Carolina is bottomed on the allegation that Carolina was negligent in that it delivered a bus to Virginia Dare's driver in Norfolk when it knew or by the exercise of reasonable care should have known that the bus had a defective steering mechanism and that such negligence upon the part of Carolina was one of the proximate causes of the accident and injury to plaintiffs. Virginia Dare, in its answer, characterized the defect in the steering mechanism of the bus as "latent." The expert witness for Virginia Dare, in his answer to a hypothetical question, related the defect complained of to the failure of the steering mechanism as follows:

"If the jury finds from the evidence and by its greater weight that at about 6:00 a.m. on September 17, 1968, Mr. Robert L. Gibbs obtained this particular bus from the garage of Carolina Coach Company in Norfolk, Virginia, and thereupon drove the same without difficulty to Manteo, North Carolina, a distance of about 113 miles; that thereafter, on the same day, the said Robert L. Gibbs drove said bus from Manteo, North Carolina, on an intended return trip to Norfolk, Virginia, and on said journey approached a left curve, traveling about 55 miles per hour, on highway # 34, about 45 miles from Manteo, North Carolina, he, the said Gibbs, having no difficulty in the operation of said bus on said trip prior thereto, but that upon his attempt to steer said bus around said left curve the front wheels of the bus did not respond to the turning of the steering wheel, and thereupon and immediately thereafter said bus traveled off the hard surface of said highway, along the shoulder, into the ditch, over and past a culvert underneath a private lane in said ditch, and thereafter coming to rest, based upon these assumed facts, and further based upon my findings from my personal examination of the steering system of said bus and the two bolts about which I have just testified, and my observations with respect to said two bolts, and what I found thereon, I have an opinion satisfactory to myself as to what could or might have caused the said steering system to fail when the said Gibbs attemped to steer said bus around said left curve. My opinion is that the nuts, when they were placed on the bolts and tightened, were tightened to a point beyond the torque, or the point of pressure to tighten the bolts that is recommended, and that as a result the thread in the nut stripped, leaving the small pieces of the thread in the nut on the bolt, and the nut therefore became loose and would move back and forth to some extent, the cotter pin, which goes through the small hole at the end of the bolt, would have sheared, it is made of a very soft material, the pressure would shear this cotter pin, it is very small and made of very soft material, shear it off, and the connection is broken. The answer I just gave is my opinion as to whether that could or might have caused the failure of the steering system."

Thus, it is Virginia Dare's contention that Carolina was negligent by delivering the bus to Virginia Dare when it knew, or

by the exercise of reasonable care should have known, that the nuts on the bolts holding the booster flanges together "were tightened to a point beyond the torque."

[3] A bailor for hire of a motor vehicle has the duty to see that the motor vehicle is in good condition, and although he is not an insurer, he is liable for injury to the bailee or to third persons proximately resulting from a defective condition of the motor vehicle of which he had knowledge, or which by the exercise of reasonable care and inspection, he could have discovered. *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972); *Hudson v. Drive It Yourself, Inc.*, 236 N.C. 503, 73 S.E. 2d 4 (1952); 1 Strong, N. C. Index 2d, Automobiles, § 23, p. 432. Assuming, arguendo, that the evidence, when considered in the light most favorable to Virginia Dare was sufficient to raise an inference that the defect in the steering mechanism existed when the bus was delivered to the driver in Norfolk on 17 September 1968 and that the defect in the steering mechanism was one of the proximate causes of the accident and injuries to plaintiffs, the question thus presented is whether the evidence was sufficient to raise an inference that the defect complained of was known or should have been discovered by the lessor by reasonable inspection.

[4] There is no evidence that Carolina had any actual knowledge of any defect in the steering mechanism of the bus. There is no evidence that the steering mechanism had given any difficulty whatsoever or that the torque of the nuts on the bolts holding the flanges together had been altered at any time while the bus was owned or in the possession of Carolina. In short, there is no evidence in the record that would put a reasonably prudent person on notice as to any defect in the steering mechanism.

Virginia Dare contends the court erred in excluding certain testimony of its expert witness as to whether the defect complained of could have been discovered by a "competent or qualified mechanic." We have carefully examined all of the excluded testimony of the expert together with all other evidence in the case and while some of the testimony of the expert witness might have been improperly excluded we are of the opinion that all the evidence, when considered in the light most favorable to the cross-claimant, is insufficient to raise an inference that the lessor could have discovered the "latent defect" complained of by reasonable inspection.

For the reasons stated, plaintiffs' judgments against Virginia Dare and the judgment directing a verdict for Carolina as to Virginia Dare's cross-claim for indemnity and contribution are

Affirmed.

Judge GRAHAM concurs.

Judge VAUGHN dissents.